**BUYFIGURE.COM, INC., Appellant**

v.

**AUTOTRADER.COM, INC., R.M. Hollenshead Auto Sales & Leasing, Inc., and Robert M. Hollenshead, Appellees.**

Superior Court of Pennsylvania.

Argued June 25, 2013.

Filed Aug. 23, 2013.

Michael A. Cianci, Norristown and Stephen M. Long, Exton, for appellant.

Howard D. Scher, Philadelphia, for appellees.

BEFORE: GANTMAN, ALLEN, and PLATT *, JJ.

OPINION BY ALLEN, J:

BuyFigure.com, Inc., ("Appellant"), appeals from the trial court's order granting summary judgment in favor of Autotrader.com, Inc., R.M. Hollenshead Auto Sales & Leasing, Inc., and Robert M. Hollenshead (collectively "Hollenshead"). We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> [Appellant] was, and may still be, involved in the business of buying and selling automobiles. [Hollenshead] was, and apparently is still, a shareholder of [Appellant]. He is also a principal of defendant R.M. Hollenshead Auto Sales & Leasing, Inc. ("RMH"), which is also involved in the sale of automobiles.

> Beginning in 2000, [Appellant] developed an internet application designed to establish a guaranteed trade-in value for any used car (the "Disputed invention"). At that time, [Hollenshead] was a high-level employee of [Appellant] pursuant to a written employment agreement in which he agreed that all inventions developed while he was employed [by Appellant] belonged to [Appellant].

> In May 2001, [Hollenshead] resigned as CEO of [Appellant]. Beginning in 2002, [Hollenshead] allegedly began improperly to use the Disputed Invention for the benefit of his own company, RMH. [Hollenshead] [has] allegedly continued to use the Disputed Invention in their business through the present time.

> In November 2007, [Appellant] filed suit against [Hollenshead] and others in federal court (the "Federal Action"). In the Federal Action, [Appellant] asserted causes of action under RICO and the Lanham Act, as well as common law claims for conversion, civil conspiracy, breach of contract, breach of fiduciary duty, and punitive damages.

> Upon motion by [Hollenshead], the federal court dismissed all but the trademark claim based on the statute of limitations. In doing so, the court noted that, even though [Appellant] was aware of [Hollenshead's] alleged appropriation and use of the Disputed Invention beginning in 2002, [Appellant] did not file the Federal Lawsuit until at least five years later. Since the statutes of limitations for RICO, tort, and contract claims are four, two and four years, respectively, the claims for breach of contract, conversion, breach of fiduciary duty, and civil RICO violations were time barred.

> Only the cause of action asserting trademark infringement under the Lanham Act survived the Motion to Dismiss. That claim was subsequently dismissed upon Motion for Summary Judgment. [Appellant] filed a timely Motion for Reconsideration, which the federal court denied. [Appellant] never appealed any of the court's orders or the judgment entered against it in the Federal Action.

> In February, 2010, while the Federal Action was pending, [Appellant] filed this action against [Hollenshead] and against defendant Autotrader.com, Inc. ("Autotrader"), an automobile auctioneer. [Appellant] alleged that in 2008, Autotrader began using the Disputed Invention under a license from [Hollenshead]. In its Complaint, [Appellant] requested: a declaratory judgment that it is the exclusive owner of the Disputed Invention; an injunction to prohibit [Hollenshead] and Autotrader from further use or licensing of the Disputed

---

* Retired Senior Judge assigned to the Superior Court.

Invention; an accounting of their revenues from its use; and damages.

[Hollenshead] filed Preliminary Objections, a Motion for Judgment on the Pleadings, and a Motion for Summary Judgment based on res judicata/collateral estoppel, all of which were overruled or denied by the late Judge Sheppard. [Hollenshead] filed a Motion for Reconsideration from Judge Sheppard's denial of their Motion for Summary Judgment. Unfortunately, Judge Sheppard passed away before he was able to decide whether he should reconsider, so the Motion was reassigned to this court. This court initially denied the Motion for Reconsideration, but subsequently reconsidered and entered an Order requesting supplemental briefs be filed on, essentially, the following issue:

> While the running of statute of limitations relating to personal actions normally merely bars the remedies, but does not discharge the rights, did the expiration of the statutory periods addressed in federal court also extinguish any right of ownership [Appellant] may have had in the "Invention" and transfer it to [Hollenshead]?

The parties submitted the requested briefs, and the court entered the August 13th Order from which this appeal is taken.

Trial Court Opinion, 12/31/12, at 1–4 (footnotes omitted).

In this timely appeal, Appellant presents the following issues for our review:

A. In a case of first impression, does the law of the case doctrine prevent a judge of coordinate jurisdiction from *sua sponte* reversing the denial of summary judgment by another (deceased) judge of the same court who previously denied said motion, when the former judge committed no clear error, found material issues of fact to exist, and when the subsequent judge herself even denied reconsideration of the first judge's denial of summary judgment?

B. Did the lower court judge abuse her discretion and/or commit error of law by *sua sponte* raising a new defense for [Hollenshead] of adverse possession and reraising the statute of limitations, *res judicata,* and collateral estoppel in the middle of [Appellant's] Petition for Extraordinary Relief (to extend deadlines, provide discovery, and for in-camera review of source code), when the issue of the statute of limitations and *res judicata* and collateral estoppel had been decided by five previous orders of the lower court in Appellant's favor, and when no motion by [Hollenshead] was pending, and when no meaningful discovery had ever been provided by [Hollenshead] or permitted by the lower court?

C. Did the lower court commit error of law by the lower court's *sua sponte* reversal of five previous orders and then finding, in a case of first impression involving trade secret violations of source code and computer algorithms, that [Hollenshead] owned rights to the Invention by adverse possession and the expiration of the statute of limitations and [Hollenshead] [was] thus permitted to sell and/or license the invention to a third party even when Appellant alleges the thief admitted that the invention was developed while employed by Appellant, when principles of equity arising from allegations of fraud in the inducement are at stake, and Appellant was precluded from any meaningful discovery

on the issues despite two and a half years of litigation?

D. Does *res judicata* and/or collateral estoppel preclude the declaratory judgment action against [Hollenshead] when the conduct at issue involves a different party, Autotrader (who was not a party to any federal action), different conduct ( [Hollenshead's] act of licensure and/or sale and/or disclosure of Appellant's Invention to Defendant Autotrader), different claims, and different issues under state property law, including the Pennsylvania Trade Secret Act, and concerning the ownership of the Invention at issue as between Appellant and [Hollenshead]?

Appellant's Brief at 4–5.

■ Regarding Appellant's challenge to the entry of summary judgment, we recognize:

Our scope of review ... [of summary judgment orders] ... is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Chris Falcone, Inc. v. Ins. Co. of the State of Pennsylvania,* 907 A.2d 631, 635 (Pa.Super.2006) (internal citation omitted).

Appellant challenges the trial court's determination that Hollenshead was entitled to judgment as a matter of law based on the statute of limitations, res judicata, collateral estoppel, and adverse possession. While Appellant claims that this is a case of first impression, we disagree.

■ The trial court determined that the law of the case doctrine did not preclude the grant of summary relief in favor of Hollenshead. Specifically, the trial court explained:

[Appellant] claims the court's decision to grant [Hollenshead's] Motion for Summary Judgment was procedurally improper because the same question, whether res judicata and the statute of limitations barred [Appellant] from pursuing its claims in this action, was answered in the negative at least four times previously in this action.

"A trial court has the inherent power to reconsider its own rulings." [*Key Automotive Equip. Specialists v. Abernethy,* 431 Pa.Super. 358, 636 A.2d 1126,

1128 (1994) ]. Furthermore, the law of the case doctrine on which [Appellant] relies, does not require the court to ignore what is right just because it or its predecessor has been repeatedly wrong in the past. [*Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995) ]. Nor does that doctrine require the court and the parties to continue to litigate a case in which no viable claim is raised only to await the appellate court's reversal after an appeal. [*DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 371–372 (Pa.Super.2003) ]. It was therefore proper for this court to reconsider its own decision, as well as to reconsider Judge Sheppard's.

Trial Court Opinion, 12/31/12, at 4–5 (footnotes omitted). We agree with the trial court.

Our Pennsylvania Supreme Court has explained that "[i]n applying the [coordinate jurisdiction] rule, it is important to keep in mind its purposes and to recognize circumstances which make application of the rule inappropriate." *Ryan v. Berman*, 572 Pa. 156, 813 A.2d 792, 794–795 (2002). In the present case, "[a]t the time Judge Sheppard [denied] the first [motion for summary judgment based on res judicata and collateral estoppel], the Federal Action had not yet concluded, so res judicata could not yet be applied." Trial Court Opinion, 12/31/12, at 3 n. 10. The federal court subsequently dismissed Appellant's claims based on the expiration of the statute of limitations. *See generally*, Order, 6/12/08. Accordingly, the trial court did not err in reconsidering Judge Sheppard's prior denial of Hollenshead's motion for summary judgment, which had raised the applicability of res judicata and collateral estoppel. *See Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1332 (1995) (error to apply the law of the case doctrine to preclude the reconsideration and reversal of an erroneous prior order).

■ Appellant maintains that the trial court's violation of the coordinate jurisdiction rule prejudiced him. *See* Appellant's Brief at 33. The trial court disagreed and explained:

> [Appellant] was not prejudiced by this court's decision to reconsider its ruling on [Hollenshead's] Motion for Summary Judgment. The court gave [Appellant] ample notice of its intentions and an opportunity to submit additional briefs, so [Appellant] was afforded more than sufficient due process.

Trial Court Opinion, 12/31/12, at 5.

Due process rights entitle Appellant "to be heard at a meaningful time and in a meaningful manner." *See Commonwealth v. Maldonado*, 576 Pa. 101, 838 A.2d 710, 714 (2003). Appellant was afforded such opportunity. Appellant filed responses to the multiple motions for summary judgment and reconsideration filed by Hollenshead, and the same were considered by the trial court prior to granting summary relief in favor of Hollenshead. Additionally, Appellant had an opportunity to be heard in two courts of competent jurisdiction, to submit briefs, and to participate in arguments addressing Appellant's claims. Appellant's due process challenge is therefore without merit.

Appellant further contends that the trial court erred in concluding that the doctrines of res judicata and collateral estoppel barred this action. Specifically, the trial court reasoned:

> [Appellant] previously brought its claims against [Hollenshead] in the Federal Action based upon their "theft" of the Disputed Invention. However, [Appellant] brought those claims too late, and the claims were dismissed by the federal court based on the statute of limitations. The federal court's decision

precludes [Appellant] from re-litigating before this court the issue [of] whether [Hollenshead] wrongfully obtained the Disputed Invention from [Appellant].

> The doctrine of res judicata applies when there exists an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued ... Collateral estoppel applies when the issue decided in the prior adjudication was identical with the one presented in the later action, there was a final judgment on the merits, the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior adjudication.
>
> [*In re Iulo*, 564 Pa. 205, 766 A.2d 335, 337 (2001) ].

[Appellant] had a full and fair opportunity to litigate in the Federal Action the issue [of] whether it waived by delay its right to enforce its ownership interest in the Disputed Invention against [Hollenshead]. Because [Appellant] sat on its rights, it lost them, and it cannot now assert them a second time against [Hollenshead].

Trial Court Opinion, 12/31/12, at 5–6 (footnotes omitted).

■ Based on our careful review of the vast record, the pleadings of the parties, including the motions, answers, and exhibits attached thereto, we agree with the trial court's determination that res judicata and collateral estoppel applied to bar Appellant's claims, because the claims and issues in both the federal and state courts had identical characteristics, and the parties were either identical or had privity with one another, so as to be bound in state court by the decisions and rulings of the federal court. *See Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 464 A.2d 1313, 1316–1319 (1983).

The inclusion of Autotrader in the state action is of no moment to the trial court's application of the foregoing doctrines. The trial court astutely explained:

> Since [Hollenshead] can no longer be sued by [Appellant] for taking and using the Disputed Invention, the question then is whether [Hollenshead] can license the Disputed Invention to a third party, Autotrader, without making Autotrader somehow liable to [Appellant] for misappropriation of the Disputed Invention. Since Autotrader obtained a license from [Hollenshead] to use the Disputed Invention, Autotrader is in privity with them. Since the federal court ruled against [Appellant] and in favor of Autotrader's licensor with respect to [Appellant's] claimed interest in the Disputed Invention, [Appellant] is collaterally estopped from asserting against the licensee, Autotrader, a superior interest in the Disputed Invention.

Trial Court Opinion, 12/31/12, at 6 (footnote omitted).

Appellant concedes that Appellant "does not know exactly when, where, why, how, or by whom Autotrader obtained [Appellant's] property ..." Appellant's Response in Opposition to [Hollenshead's] Motion for Reconsideration, 8/19/11, at 19. In arguing against the grant of summary relief in Hollenshead's favor, Appellant posits:

> For all [Appellant] knows, a former [Appellant] programmer (other than Hollenshead) could have passed [Appellant's] trade secrets to Autotrader and because the conduct is concealed from [Appellant] and may exist only in the internal documents of [Hollenshead and Autotrader], which they will not provide,

summary judgment is inappropriate. Further, if [Appellant] ever gets discovery, it may reveal an independent civil conspiracy between [Hollenshead and Autotrader], to obtain and implement the TIM technology for far less of a price than it would have gotten from [Appellant], all with knowledge that the property used belonged to [Appellant] and had been misappropriated by [Hollenshead and Autotrader] and/or those under [their] control.

*Id.* at 20. Such speculation is fatal to Appellant's claims.

We have explained:

Blind suspicions and unsupported accusations simply do not state a cause of action pursuant to any theory of tort recovery. Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the *prima facie* elements of the tort or torts alleged.

*Feingold v. Hendrzak,* 15 A.3d 937, 942–943 (Pa.Super.2011) (emphasis and internal citation omitted).

■ It is additionally significant that:

As [the Pennsylvania Commonwealth] Court recently decided in *Callowhill Center Associates,* [LLC v. Zoning Board of Adjustment, 2 A.3d 802 (Pa. Cmwlth.2010) ], the doctrine of res judicata/collateral estoppel applies not only to matters decided, **but also to matters that could have, or should have, been raised and decided in an earlier action.** Our decision in *Callowhill Center Associates* recognized well-settled precedent that collateral estoppel applies if there was adequate opportunity to raise issues in the previous action. *Stevenson v. Silverman,* 417 Pa. 187, 208 A.2d 786 (1965); *Hochman v. Mortgage Finance Corporation,* 289 Pa. 260, 137 A. 252 (1927).

*Bell v. Township of Spring Brook,* 30 A.3d 554, 558 (Pa.Cmwlth.2011). (emphasis supplied).

■ Significantly, as emphasized by our Pennsylvania Supreme Court:

As pertinently stated in *Hochman v. Mortgage Fin. Corp.,* 289 Pa. 260, 263, 137 A. 252, 253 (1927); 'The [doctrine of *res judicata* ] should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which *the present parties actually had an opportunity to appear and assert their rights.* If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule.' (Emphasis supplied.)

*Stevenson v. Silverman,* 417 Pa. 187, 208 A.2d 786, 788 (1965).

Here, Appellant knew since 2001 that its invention had been misappropriated. Appellant expressly "believed that [ ] Hollenshead obtained [the invention] from former [Appellant] employee, Ronald Cureton, who was fired from [Appellant] in 2001 for improper conduct and prosecuted criminally in Montgomery County, Pennsylvania for theft of trade secrets and other computer crimes." Appellant's Brief at 17. Appellant instituted an untimely federal action to assert its claims of loss, in which Appellant did not prevail, and which Appellant did not appeal. Appellant cannot now recast the forum, nature, and target of its claims in order to circumvent the application of the doctrines of res judi-

cata and collateral estoppel. *Stevenson*, 208 A.2d at 788.

Appellant further challenges the trial court's reliance on the doctrine of adverse possession to bar Appellant's suit. The trial court explained:

> [D]ue to [Hollenshead's] adverse possession of the Disputed Invention during the entire statute of limitations period and beyond, [Hollenshead] [has] obtained title to the Disputed Invention. Normally, "statutes of limitations relating to personal actions merely bar the remedy and do not discharge the right." [*Priester v. Milleman*, 161 Pa.Super. 507, 55 A.2d 540, 542 (1947) ]. However, "where one has had the peaceable, undisturbed, open possession of personal property, with an assertion of his ownership, for the period which bars an action for its recovery by the true owner, the former acquires a good title, superior to that of the latter, whose neglect to assert his legal rights has lost him his title." [*Id.* at 543–544]. Since [Hollenshead] has possessed the Disputed Invention openly and adversely to [Appellant] since at least 2002, they now own it and may license it to whomever they choose.

Trial Court Opinion, 12/31/12, at 6–7 (footnotes omitted). The trial court noted that the "logic" underpinning the principles of adverse possession generally applicable to real property "necessarily applies to intangible property as well." [*See Gee v. CBS. Inc.*, 471 F.Supp. 600, 655 (E.D.Pa.1979) ("At common law, rights in a literary or artistic work were recognized on substantially the same basis as title to other property.") ]. Trial Court Opinion, 12/31/12, at 6 n. 20. While we agree with the trial court's rationale, the trial court did not need this additional basis on which to grant summary relief. Given the record and applicable case law, we find that the trial court properly applied the doctrines of res judi-

cata and collateral estoppel in granting summary judgment in Hollenshead's favor.

Order affirmed.