J-A10010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF ANNA SWARTZ, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: EDWARD SWARTZ | : | No. 2912 EDA 2017 |

Appeal from the Order Entered July 24, 2017
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s):  2011-X4287

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.:                              **FILED JULY 03, 2018**

Appellant, Edward Swartz, appeals *pro se* from the order entered in the

Montgomery County Court of Common Pleas, which sustained the objections

to the schedule of distribution filed by Appellee, Pearl MacKerchar, and granted

an award of counsel fees in favor of Appellee.  We affirm.

The relevant facts and procedural history of this case are as follows.

> [D]ecedent died on November 16, 2011.  [Appellee] filed a
> petition on February 23, 2012, seeking the return of assets
> to [Decedent's] estate based on [Appellee's] claim
> [Appellant] had used or transferred [Decedent's] assets
> improperly during the time [Appellant] served as agent
> under [Decedent's] power of attorney.  Pursuant to a[n
> Orphans'] court order, [Appellant] filed an account and
> [Appellee] filed objections thereto.  After a hearing on the
> objections, the [Orphans' c]ourt issued an Adjudication of
> the account on July 18, 2014.  In the Adjudication, the
> [Orphans' c]ourt assessed surcharges against [Appellant] in
> the amount of [$83,655.00] as the result of various claims
> for reimbursement from the estate he could not substantiate
> and deficiencies in distributions to which his siblings were

_____

*   Retired Senior Judge assigned to the Superior Court.

entitled. The July 18, 2014 Adjudication was affirmed by [this Court] on August 21, 2015, and [Appellant's] petition for leave to appeal to the [Pennsylvania] Supreme Court was denied on March 23, 2016.

(Trial Court Opinion, filed September 20, 2017, at 1-2).

On August 26, 2016, Appellee filed a petition for counsel fees and an order directing Appellant to file a schedule of distribution pursuant to the July 18, 2014 adjudication. Appellant, on October 21, 2016, filed a *pro se* petition to, *inter alia*, remove Appellee as owner as tenant in common of the Schwab account[1] and to direct Appellee to return to the estate those funds which she had withdrawn from the Schwab account. On November 21, 2016, the Orphans' court denied Appellant's October 21, 2016 petition and directed Appellant to file a schedule of distribution per the July 18, 2014 adjudication. Appellant filed a *pro se* schedule of distribution on December 23, 2016. On January 3, 2017, Appellee filed objections to the schedule of distribution. The Orphans' court conducted a hearing on March 20, 2017. On March 27, 2017, Appellant filed a *pro se* motion to recuse the Orphans' court judge and transfer the case to Bucks County. The Orphans' court, on March 29, 2017, denied Appellant's recusal motion and motion to transfer. On July 24, 2017, the Orphans' court sustained in part and overruled in part Appellee's objections,

_____

[1] Appellant, Appellee, Decedent, and Decedent's two other children were listed as tenants in common of the Schwab account. The July 18, 2014 adjudication ruled Decedent and her four children were tenants in common on the Schwab account, and directed Children's shares to be dispersed accordingly and Decedent's share to go to her estate.

directed Appellant to pay Appellee a sum of $28,583.22, and granted

Appellee's request for counsel fees in the amount of $8,000.00. Appellant

filed a *pro se* notice of appeal on August 18, 2017, to the November 21, 2016,

March 29, 2017, and July 24, 2017 orders. The Orphans' court did not order

and Appellant did not file a concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> DID THE ORPHANS' COURT ERR BY FINDING THAT
> [APPELLEE] IS ENTITLED TO 1/4TH (25%) OF THE
> $46,212.89 (AMOUNT AVAILABLE FOR DISTRIBUTION) OR
> $11,553.22…[?]
>
> DID THE ORPHANS' COURT ERR BY FINDING THAT
> [APPELLEE] IS ENTITLED TO $8,000 IN COUNSEL FEES…[?]
>
> DID THE ORPHANS' COURT ERR BY DENYING THE PETITION
> FILED BY [APPELLANT] ON 10/21/16, RELATING TO THE
> SCHWAB ACCOUNT HELD AS TENANTS IN COMMON, BASED
> ON *RES JUDICATA* EVEN THOUGH THE RULING IS NOT
> BEING CHALLENGED…[?]
>
> DID THE ORPHANS' COURT ERR BY RULING THE OTHER
> ISSUES RAISED RELATE TO PRE-DEATH TRANSACTIONS
> AND ARE NOT PROPERLY BEFORE THIS COURT IN THE
> CONTEXT OF ESTATE ADMINISTRATION, WHEN IN FACT
> APPELLANT WAS NOT AWARE OF $23,500
> MISAPPROPRIATED BY APPELLEE UNTIL AFTER THE DEMISE
> OF [DECEDENT?]

(Appellant's Brief at 5-7).[2]

_____

[2] To the extent Appellant challenges the March 29, 2017 order, which denied
Appellant's motion to recuse, Appellant waived this issue by omitting it in his
statement of questions involved in his appellate brief. ***See*** Pa.R.A.P. 2116

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). Appellant elected to proceed in this appeal *pro se*. While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not entitle an appellant to any particular advantage because the appellant lacks legal training. **Cole v. Czegan**, 722 A.2d 686, 687 (Pa.Super. 1998). "[A]ppellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues." **Id.** Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). "Any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his own undoing." **In re Ullman**, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011).

Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119.  Argument**

---

(stating no question will be considered unless it is stated in statement of questions involved or is fairly suggested thereby).

>    **(a)    General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly, where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised on appeal.  ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently or even tenuously assert how trial court abused its discretion or made error of law).  ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide review is hampered, necessitating waiver on appeal).

Instantly, the argument sections of Appellant's first, second, and fourth issues in his brief are significantly underdeveloped.  All three of these issues

lack meaningful discussion of Appellant's position, and instead Appellant mostly restates the facts of his case. Appellant did not cite to any law in these sections of his argument. *See* Pa.R.A.P. 2119(a). Therefore, Appellant waived his first, second, and fourth issues for appellate review. *See Butler, supra*; *Lackner, supra*.

In Appellant's remaining appellate issue, he argues *res judicata* is inapplicable to the instant case because he is not challenging the previous final judgment of the court. Additionally, the current complaints and demand for recovery are not identical to the previous action. Appellant submits Appellee is not a tenant in common on the Schwab account and the court should have instructed Appellee to return her distribution from this account to the estate. Appellant concludes this Court should vacate the Orphans' court's orders. We disagree.

Our standard of review for a final order of the Orphan's court "requires that [this Court] accord the findings of an Orphan's Court, sitting without a jury, the same weight and effect as the verdict of a jury." *In re Estate of Zambrano*, 875 A.2d 307, 311 (Pa.Super. 2005). This Court will not disturb the findings of an Orphan's court absent manifest error. *Id.* Appellate review of all questions of law is *de novo*, and the scope of review is plenary. *In re Wilson*, 879 A.2d 199, 214 (Pa.Super. 2005).

This Court has explained the doctrine of *res judicata* as follows:

> The doctrine of *res judicata* prevents a party from instituting litigation that has been the subject of a lawsuit.

- 6 -

>*Res judicata* means a thing adjudged or a matter settled by judgment. Traditionally, American courts have used the term *res judicata* to indicate claim preclusion, *i.e.*, the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action.

**Robinson Coal Co. v. Goodall**, 72 A.3d 685, 689 (Pa.Super. 2013) (internal citations and quotation marks omitted). "Application of the doctrine of *res judicata* as an absolute bar to a subsequent action requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; [and] (4) identity of the capacity of the parties." **Id.** (quoting **Dempsey v. Cessna Aircraft Co.**, 653 A.2d 679, 681 (Pa.Super. 1995) (*en banc*), *appeal denied*, 541 Pa. 631, 663 A.2d 684 (1995)).

>The doctrine of *res judicata* should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this [is] the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule.

**BuyFigure.com, Inc. v. Autotrader.com, Inc.**, 76 A.3d 554, 561 (Pa.Super. 2013), *appeal denied*, 624 Pa. 660, 84 A.3d 1061 (2014) (internal

citations and quotation marks omitted).

Instantly, this Court previously affirmed the July 18, 2014 adjudication and stated as follows:

> [A]s to the tenancy in common account, the [O]rphans' court opined:
>
>> [Appellee Pearl MacKerchar] objects to the [Appellant Edward Swartz's] inclusion of the full amount of [the Schwab account] as an estate asset. This account, ending in 0661 [w]as created in 2001 and held among [Decedent] and her four children as tenants in common…. [Exhibit O-2] is the Charles Schwab form, executed by all of [Decedent's] children…. This document specifically states that this account is to be held as tenants in common and explains that "[i]f one owner dies, his/her interest passes to his/her estate (50/50, unless otherwise noted)." Accordingly, as there are five co-tenants to this account, each person holds a 1/5th interest.
>>
>> [Appellant] argues however, that there was an agreement in November of 2011 among the siblings, which supersedes the document admitted as [Ex. O-2], to treat this account as owned 96% by [Decedent] and 4% by the siblings, with each sibling having a 1% interest. In support of this claim, [Appellant] offered [Ex.] A–3 as evidence of the agreement. This court does not find [Appellant's] claim credible. [Ex.] A–3, as [Appellant] acknowledged during his testimony, only includes his signature, the signature of Maurice Swartz and the signature of Brandon Swartz as executor of Jay Swartz' estate. Notably absent is the signature of [Appellee] to this Agreement. As such, this Agreement is unenforceable as it is not executed by all the parties…. The account lists the value of the…Schwab account as $285,150.00. [D]ecedent's 1/5th interest in this account is $57,030.00. The balance of the Schwab Account, in the amount of $228,120.00 was improperly included as an asset of the Estate of [Decedent], and should be distributed in equal shares among the four children of [Decedent],

- 8 -

> $57,030.00 to each of the children, including the Estate of Jay Swartz.
>
> \* \* \*
>
> The [O]rphans' court properly concluded that the balance of the tenancy in common account, excluding the decedent's 1/5th share, was not an estate asset. We discern no abuse of discretion in the [O]rphans' court's finding that the tenancy in common account was improperly included as an estate asset.

*In re Estate of Swartz*, Nos. 2751 and 2794 EDA 2014, unpublished memorandum at 8-9 (Pa.Super. filed August 21, 2015) (internal citations omitted).

In the current case, the Orphans' court explained its rationale for sustaining Appellee's preliminary objections as follows:

> The specific conduct upon which this [order] is based includes, *inter alia*, [Appellant's] failure to cooperate with counsel for [Appellee] in obtaining copies of record of [Decedent] which [Appellant] had a fiduciary duty to maintain; [Appellant's] improper actions in the administration of the estate that resulted in the entry of surcharges against him in the [c]ourt's adjudication entered on July 18, 2014; and [Appellant's] failure to file a schedule of distribution in accordance with the [c]ourt's [July 18, 2014] adjudication after [it] was affirmed on appeal, thus requiring counsel for [Appellee] to file a petition to compel the filing.

(Order, entered July 24, 2017, at 1-2). Thus, Appellant's challenge to Appellee's status as a tenant in common on the Schwab account is barred by the doctrine of *res judicata*, where this Court previously affirmed the July 18, 2014 adjudication that specifically found Appellee **was** a tenant in common on the Schwab account, and directed Appellant to distribute funds from the

account in accordance with the adjudication. ***See In re Estate of Swartz, supra***. The prior action involved the same parties, in their same capacities, and the same dispute over Decedent's Schwab account. ***See Robinson Coal Co., supra***. Appellant's attempt to evade *res judicata* by asking for different relief fails to overcome the *res judicata* bar. ***See BuyFigure.com, Inc., supra***. Therefore, the Orphans' court properly sustained Appellee's preliminary objections to Appellant's schedule of distribution.[3] ***See In re Estate of Zambrano, supra***. Accordingly, we affirm the July 24, 2017 order.[4]

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Ransom did not participate in the consideration or decision of this case.

---

[3] Appellant's challenge to the November 21, 2016 order, which denied Appellant's October 21, 2016 petition and directed Appellant to file a schedule of distribution per the July 18, 2014 adjudication, is also barred under the doctrine of *res judicata*, where this Court affirmed the July 18, 2014 adjudication on August 21, 2015. ***See Robinson Coal Co., supra***.

[4] Given our disposition in the present appeal, we deny as moot Appellee's motion to dismiss.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/18