J-A13019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN LICHTMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEWELL WILLIAMS, JOSEPH | : | No. 3074 EDA 2019 |
| VIGNOLA, AND PARIS WASHINGTON | : | |

Appeal from the Order Entered September 26, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190801902

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 19, 2020**

Joan Lichtman appeals, *pro se*, from the order, entered in the Court of

Common Pleas of Philadelphia County, dismissing her complaint in mandamus.

After careful review, we affirm on the opinion of the Honorable Arnold J. New.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Lichtman's brief complies with most of the structural appellate rules of court, it lacks substantive compliance.  Lichtman's argument is replete with irrelevant assertions, accusations, personal opinions and legal conclusions. Lichtman's legal argument is wholly undeveloped, contains no citations to authorities, and makes no attempt to apply any authority to the facts of the present case. **See** Pa.R.A.P. 2117(a)(4), 2119(b).  Essentially, the argument section of Lichtman's brief consists of a forty-five-page diatribe, alleging perjury, official corruption and administrative ineptness.  While this Court is willing to liberally construe materials filed by a *pro se* litigant, an appellant is not entitled to any particular advantage because she lacks legal training. "[A]ny  layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing."  **Branch Banking and Trust v. Gesiorski**,

This appeal stems from a landlord-tenant action between Lichtman and Rittenhouse Plaza Inc. (Rittenhouse). From 1992 to 2007, Lichtman resided in Unit 8C of the Rittenhouse Plaza, located at 1901 Walnut Street in Philadelphia. On September 26, 2007, Rittenhouse filed a landlord-tenant action against Lichtman in Philadelphia Municipal Court seeking past due rent and possession of the premises. On October 19, 2007, the court entered judgment in favor of Rittenhouse for money damages and possession. Following various negotiations and attempts at settlement, Lichtman was evicted in 2008. For several years thereafter, Lichtman unsuccessfully sought to postpone and set aside the sheriff's sale of the apartment.

In its landlord-tenant complaint, Rittenhouse had alleged there were "no outstanding [Licensing and Inspections] violations." Lichtman claims this

---

904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted). We strongly suggest Lichtman discontinue this campaign.

We also note appellees did not file a brief. Counsel for appellees informed this Court that Lichtman did not serve them as required under Pennsylvania Rules of Civil Procedure 400 and 400.1. Appellees' Letter, 2/21/2020. Lichtman acknowledges this lack of service in her brief. ("When failing to grant pauper status to [Appellant] in this matter, by improperly applying Pa.R.C.P. 240(j)(1)— i.e., [Appellant] not only qualifies for pauper status, but the absence of pauper status, simultaneously prevented service of original process to the [Appellees]—the trial court improperly made an erroneous decision 'on the merits' of the case, which defies the evidence, and without ever allowing the [Appellees] to know they were sued[.]"). Appellant's Brief, at 5.

allegation is a "perjured statement," and since 2011, she has filed over twenty-five lawsuits litigating her grievances against various organizations and public officials.[2]  This case is the latest, following Lichtman's August 14, 2019 complaint in mandamus against defendants Jewell Williams, individually and in his capacity as Sheriff of Philadelphia County, Joseph Vignola, Esquire, individually and in his capacity as under-Sheriff of Philadelphia County, and Paris Washington, individually and in his capacity as Deputy Sheriff of Philadelphia County.  Judge New dismissed Lichtman's complaint in mandamus, and Lichtman timely filed this appeal.

_____

[2] *See, e.g.*, *Rittenhouse Plaza, Inc. v. Lichtman*, No. 745 EDA 2007, unpublished memorandum (Pa. Super. filed Aug. 22, 2007); *Rittenhouse Plaza, Inc. v. Lichtman*, unpublished memorandum, 26 A.3d 1187 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1278 (Pa. 2011); *Lichtman v. Chubb Group of Ins. Companies*, *et al.,* 107 A.3d 218 (Pa. Super. 2014) (unpublished memorandum); *Lichtman v. Glazer*, 111 A.3d 1225 (Cmwlth. 2015) *rehearing en banc denied, appeal denied* 125 A.3d 779 (Pa. 2015); *Lichtman v. Prudential Fox Roach*, unpublished memorandum, 107 A.3d 228 (Pa. Super. 2014); *Lichtman v. the Honorable Arnold New*, No. 549 C.D. 2015, unpublished memorandum (Cmwlth. filed August 27, 2015); *Lichtman v. Bomstein*, 134 A.3d 496 (Pa. Super. 2015), *appeal denied*, 141 A.3d 651 (Pa. 2016); *Lichtman v. R. Seth Williams and Kathleen Martin*, 1435 C.D. 2017, unpublished memorandum (Cmwlth. filed May 8, 2018); *Lichtman v. Kelley Hodge, John Delaney, R. Seth Williams, Kathleen Martin*, 1563 C.D. 2017, unpublished memorandum (Cmwlth. filed Sept. 13, 2018); *Lichtman v. Bradley K. Moss and Sheila Woods-Skipper*, No. 365 EDA 2019, unpublished memorandum (Pa. Super. filed Nov. 7, 2019); *Lichtman v. Krasner*, 352 C.D. 2018, unpublished memorandum (Cmwlth. filed April 18, 2019); *Lichtman v. Eric Feder, Deputy Court Administrator, Office of Judicial Records of Philadelphia County*, 2551 EDA 2019, unpublished memorandum (Pa. Super. filed March 2, 2020); *Lichtman v. [Nine Judges of the Philadelphia Court of Common Pleas]*, 1457 EDA 2019, unpublished memorandum (Pa. Super. filed March 25, 2020).

Lichtman raises the following issues for our review:

I.    The trial court erred and willfully abused discretion, when improperly applying Pa.R.C.P. 240(j)(1) as a convenient, fabricated 'justification' for the trial court's *sua sponte* dismissal of this case, and as the trial court's artificially contrived tactic, so as to deny due process, preclude service of original process, and thereby, prevent this case from ever being heard at the trial level — all, as a means for Pennsylvania's Judiciary to protect public servants, both private and public attorneys, and certain judges, including this trial judge, himself, from prosecution and/or disbarment for perjury and related crimes, intended to silence the crime victim and force an innocent human being into an early grave.[3]

_____

[3] This issue has the following 13 sub-issues claiming the trial court erred and abused its discretion "while committing crimes:"

A. By implying that a supposed twenty-five lawsuits, filed by Plaintiff, were somehow decided 'on their merits' against Plaintiff, when this same trial judge issued sua sponte dismissals—in the absence of due process and without service of original process—by improperly applying Pa.R.C.P. 340(j)(1), as the trial court's convenient, but invalid, excuse to silence this Plaintiff-Appellant, while burying ironclad evidence, so as to erroneously, and automatically, conclude that Plaintiff-Appellant never stated any claim upon which relief could be granted, i.e., all the hard, incontrovertible, sight unseen, never read evidence on the public record, in contradiction, 'notwithstanding';

B. When concluding that, because two trial court tribunals ruled against Plaintiff, therefore, the ironclad evidence, proving beyond all doubt, that the underlying eviction complaint was willfully perjured, was never entered into the record by those judges, before those judges deliberately ignored the evidence, so as to rule in favor of the attorneys who willfully perjured the eviction complaint;

C. When blindly relying on Superior Court's June 24, 2008 sua sponte dismissal of Plaintiff's appeal, which erroneously concluded that Lichtman did not file a post-trial motion, despite Plaintiff's

- 4 -

two timely-filed, post-trial motions clearly docketed by the trial court on April 16, 2008;

D. When failing to recognize that proof of perjury on the face of the record automatically caused the May 9, 2008 Judgment for Possession and Money to be void and unenforceable—no matter when that proof was provided to the tribunal;

E. When the trial court proved its Ignorance of the Law, by the court's egregious denials that issues of subject matter jurisdiction are never time-barred and can be raised any time at any level of court;

F. When, after being handed ironclad evidence proving perjury on the face of the record, the trial court repeatedly refused to perform the judiciary's mandatory duty—no discretion—of signing an Order to Strike a void Judgment, under the court's own motion.

G. When, in the face of Sheriff's having executed the void Judgment, the trial court refused to Order—as required by statute (Philadelphia Code §§ 9-1603 – 9-1604)—that Sheriff return Plaintiff's home, property, assets, and moneys, which Sheriff illegally seized, stole, and/or sold, when Sheriff executed and enforced the void judgment;

H. When failing to apply Philadelphia Code, §9-1605, which addresses crimes committed by "any person(s)" who engage/d in .... or who assist/ed, in sustaining Plaintiff's unlawful eviction, by the trial court's issuing citations and/or arrest warrants, per Philadelphia Code, §9-1606.

I. When failing to grant pauper status to Plaintiff in this matter, by improperly applying Pa.R.C.P. 240(j)(1) — i.e., Plaintiff not only qualifies for pauper status, but the absence of pauper status, simultaneously prevented service of original process to the defendants—the trial court improperly made an erroneous decision 'on the merits' of the case, which defies the evidence, and without ever allowing the defendants to know they were sued;

J. By prohibiting service of original process and refusing to grant pauper status in this matter, the trial court made an invalid, 'on the merits' decision, which literally defies the evidence, which the trial court conveniently blocked from ever coming before the

II. The trial court erred and abused discretion when failing to issue the Writt of Mandamus, and thereby, the trial court aids and abets

tribunal, and thereby, ruled in favor of Defendants, without their having even to enter their appearance in the case nor to provide any defense, whatsoever: i.e., the trial court obviated the need for Defendants even to participate in the case, before the trial court granted Defendants a wholly unsupportable ruling in their favor;

K. When dismissing this case prematurely, the trial court egregiously protects Defendants from prosecution under Philadelphia Code, Chapter 9-1600, aka the Anti-Lockout Laws: i.e., the Defendants, Sheriff, Under-Sheriff and Deputy Sheriff, are publicly paid to obey and to enforce those criminal statutes, not break those laws for personal gain;

L. When failing to recognize that Plaintiff stated a clear, valid claim for relief which can only be granted by a court of law, and, thereby, Plaintiff met the three-pronged criteria for issuance of a Writt of Mandamus, so as to force Sheriff to comply with Sheriff's mandatory duties under Philadelphia Code, Chapter 9-1600, the trial court failed to Order the required Writ of Mandamus to be issued.

M. When failing to recuse himself from this case, due to the trial court's long history of bias and retaliation against this Plaintiff, as well as the trial judge's being a defendant in a different, but concurrently being litigated, lawsuit, brought against him by this Plaintiff, Judge New interfered with the administration of justice, manipulation judicial machinery, and is protecting both attorneys and judges—especially himself—as well as public servants from prosecution, disbarment, and liability.

Appellant's Brief, at 4-6. We note that this recitation of sub-issues violates our rules of appellate procedure. *See* Pa.R.A.P. 2116(a) ("The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. *It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon.* This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.") (emphasis added).

> Sheriff's, Under-Sheriff's, and Deputy Sheriff's crimes, and fails to force Defendants to obey and to enforce the law, while the trial court simultaneously, and egregiously, protects Defendants, the Judiciary, public servants, and attorneys from prosecution and/or disbarment for their collusions and crimes.

Appellant's Brief, at 4-6.

"Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Ocasio v. Prison Health Servs*., 979 A.2d 352, 354 (Pa. Super. 2009) (citation omitted).  Rule 240(j) provides, in relevant part, as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).  "Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action." *Ocasio*, 979 A.2d at 354 (citation and internal quotation marks omitted).

Lichtman appears to argue that Judge New could not dismiss the complaint in mandamus under Rule 240(j)(1), that the "perjured statement" from the landlord-tenant complaint renders all subsequent court actions null and void, and that the court should have applied relevant provisions of the Philadelphia Code to this matter.  As Judge New points out, Lichtman "seeks a Writ of Mandamus directing the Sheriff's Office to immediately restore

[Lichtman's] possession of Unit 8C pursuant to [sections] 9-1603-9-1605 of the Philadelphia Code." Trial Court Opinion, 11/5/19, at 4. "The crux of [Lichtman's] request for mandamus relief rests on her averment the Writ of Execution was not issued by a court of competent jurisdiction because the landlord-tenant [c]omplaint was perjured." *Id*. at 5, citing Complaint, 8/14/19, at ¶ 7.

We agree with Judge New's conclusion that the complaint is frivolous. As Judge New points out, the matter was litigated in Municipal Court, heard de novo before the Honorable Allan Tereshko, and appealed to this Court, which dismissed the matter in 2008. *See Rittenhouse Plaza, Inc. v. Lichtman*, No. 1412 EDA 2008 (Pa. Super. filed June 24, 2008) (unpublished memorandum). Accordingly, we discern no error on the part of the trial court in dismissing Lichtman's complaint under Rule 240(j)(1), *Ocasio*, *supra*, and we rely upon Judge New's opinion to affirm the order. *See* Trial Court Opinion, *supra* at 4-6. The parties are directed to attach a copy of that opinion in the event of further proceedings.

Lichtman is prohibited from further IFP filings in the trial court or this Court; she is further precluded from filing future actions that have as their basis the issue of the alleged "perjured statement" in Rittenhouse's landlord-tenant complaint. Lichtman has had a full and fair opportunity to litigate this claim in two prior proceedings, and a final judgment on the merits has been entered by a court of competent jurisdiction The fact that this Court dismissed her appeal on waiver grounds does not alter our conclusion. *See Goldstein*

***v. Ahrens***, 108 A.2d 693 (Pa. 1954) (when court of competent jurisdiction has determined litigated cause on merits, judgment entered and not reversed on appeal is, as between parties and privies, final and conclusive); ***see also BuyFigure.com, Inc. v. Autotrader.com, Inc.***, 76 A.3d 554, 561 (Pa. Super. 2013) (in light of policy behind application of res judicata, "[t]he rule should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, -a second trial on the same cause between the same parties."), citing ***Stevenson v. Silverman***, 208 A.2d 786, 788 (Pa. 1965). Shuffling the parties will not nullify the rule.

Order affirmed.

President Judge Emeritus Bender joins this Memorandum.

Judge Strassburger did not participate in the consideration or decision of this Memorandum.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/19/2020*