J-A26025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JESSICA KIRBY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| REBECCA THOMPSON, CARRIE | : | No. 304 WDA 2024 |
| STEWART, CANDYCIA THOMPSON, | : | |
| CHARISE WRIGHT, AND KAYLA | : | |
| HOYLE | : | |

Appeal from the Order Entered March 1, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-24-000404

BEFORE:  BOWES, J., BECK, J., and BENDER, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED: February 7, 2025**

Jessica Kirby ("Kirby") appeals pro se from the order entered by the Allegheny County Court of Common Pleas ("trial court") denying her petition to proceed in forma pauperis ("IFP") in her filings before the trial court.[1]  Upon review, we affirm.

This appeal arises from extensive litigation between Kirby and various Allegheny County agencies regarding a 2017 juvenile dependency proceeding that culminated in the termination of Kirby's parental rights to minor child

---

[*] Former Justice specially assigned to the Superior Court.

[1] "[A]n order denying [IFP] status is a final, appealable order[.]"  **Grant v. Blaine**, 868 A.2d 400, 402 (Pa. 2005).

M.C. in November 2019. This Court affirmed the termination decision. *Interest of M.C.*, 1768 WDA 2019 (Pa. Super. Mar. 30, 2020) (non-precedential decision).

On April 14, 2021, Kirby filed an action in the United States District Court for the Western District of Pennsylvania against the Allegheny County Office of Children, Youth, and Families ("CYF") as well as numerous Allegheny County employees, including three of the defendants named in the instant case.[2] In that action, Kirby alleged that the defendants had violated her civil rights under section 1983[3] in the course of the dependency action. She further alleged that the defendants had denied her appropriate due process and violated state law throughout the termination proceedings. The district court dismissed Kirby's case with prejudice, finding that her section 1983 claims related to the seizure of her child were barred by Pennsylvania's two-year statute of limitations, and that it did not have jurisdiction to undo or decide an appeal as to the state court judgment regarding the termination of Kirby's parental rights under the *Rooker*-*Feldman* doctrine.[4] *Kirby v. Allegheny*

_____

[2] Kirby named Rebecca Thompson, Carrie Stewart, and Kayla Hoyle in the federal lawsuit.

[3] 42 U.S.C. § 1983.

[4] The *Rooker*-*Feldman* doctrine refers to two cases prohibiting review of state court decisions by federal courts other than the United States Supreme Court. *See, e.g., Gordon v. East Goshen Tp.*, 592 F.Supp.2d 828, 839
*(Footnote Continued Next Page)*

***Cnty. Off. of Child., Youth, & Fams.***, No. 2:21-CV-490-NR, 2022 WL 1203846 (W.D. Pa. Apr. 22, 2022) (hereinafter, "***Kirby I***"). Kirby did not file an appeal.

On May 30, 2023, Kirby proceeded to file another complaint against "Allegheny County" and several of its employees[5] in the trial court. In that case, Kirby again alleged that the defendants had violated her civil rights during the dependency action. The defendants removed the case to the United States District Court for the Western District of Pennsylvania at 23-CV-02172. In January 2024, the defendants filed a motion to dismiss the case, alleging that the action was barred by res judicata because the issues had already been litigated in ***Kirby I***. Subsequently, Kirby voluntarily dismissed her claims in April 2024. ***See Kirby v. Allegheny Cnty. et al.,*** No. 23-CV-2172 (hereinafter, "***Kirby II***").

On January 11, 2024, Kirby filed a complaint in the instant matter with a simultaneous petition to proceed IFP in the trial court. In her complaint, she alleged that defendants Rebecca Thompson, Carrie Stewart, Kayla Hoyle, Candycia Thompson, and Charise Wright committed various violations of Kirby's constitutional and contractual rights in their roles as caseworkers in

---

(E.D. Pa. 2009) (discussing ***D.C. Court of Appeals v. Feldman***, 460 U.S. 462 (1983) and ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413 (1923)).

[5] Kirby named Jackie Hoover, Rebecca Thompson, Carrie Stewart, and Kayla Hoyle in this lawsuit. Kirby also named Allegheny County as a defendant, rather than CYF.

the dependency action that led to the termination of Kirby's parental rights.[6] The defendants filed a response in opposition to Kirby's IFP petition, alleging that her case was frivolous. The trial court denied Kirby's IFP petition on the basis that the case was frivolous and duplicative under Pa.R.Civ.P. 240(j)(1), and ordered Kirby to pay the filing fee for her complaint pursuant to Pa.R.Civ.P. 240(c)(1)(ii). It further ordered the Department of Court Records ("DCR") to enter a judgment of non pros if Kirby failed to pay the filing fee within the ten-day period permitted by Pa.R.Civ.P. 240(c)(1)(ii). Kirby failed to pay the filing fee within ten days and the DCR entered a judgment of non pros.

Kirby filed a timely appeal and a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On appeal, she argues that the trial court erred as a matter of law in denying the IFP petition under the reasoning that it was frivolous and duplicative, and the DCR erred by entering a judgment of non pros as to this case, because the trial court's February 6, 2024 order was premature. *See* Kirby's Brief at 4-5. We address each claim in turn.

**Denial of IFP Petition**

Kirby contends that her claims in the instant case are not duplicative of those in *Kirby II*, because she voluntarily dismissed that case. Kirby's Brief at 43. She also argues that the trial court's decision was premature because

---

[6] Kirby had not previously named Candycia Thompson or Charise Wright in *Kirby I* or *Kirby II*.

the court could have stayed these proceedings pending the outcome of **Kirby II**, which remained pending at the time of the trial court's decision to deny her IFP petition. **Id.** Kirby further argues that the trial court denied her the constitutional right to a trial by jury and her liberty interest in the care, custody, and control of her child through its denial of her IFP petition. **Id.** at 44-45.

Our standard of review as to a denial of an IFP petition pursuant to Pa.R.Civ.P. 240(j) is "limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Ocasio v. Prison Health Servs.**, 979 A.2d 352, 354 (Pa. Super 2009) (citation omitted).

When a party files an IFP petition simultaneously with the commencement of an action, the reviewing court is permitted to dismiss the request "if it is satisfied that the action, proceeding or appeal is frivolous." Pa.R.Civ.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." Pa.R.Civ.P. 240, note (quoting **Neitzke v. Williams**, 490 U.S. 319, 325 (1989)).

Here, the trial court denied Kirby's IFP petition because it found that this case "is a reiteration of [Kirby's] previous Complaints filed [in **Kirby I** and **Kirby II**]." Trial Court Opinion, 4/16/2024, at 2 (unnumbered). Specifically, the trial court held that Kirby had already filed several lawsuits against Allegheny County and its employees in both federal and state court, alleging the same violations of her civil rights during the proceedings leading to the

termination of her parental rights that she alleges in the instant case. *Id.* The court further noted that the addition of defendants Candycia Thompson and Charise Wright to the instant case do not differentiate it from the other cases Kirby filed regarding the same dependency and termination proceedings. *Id.* Thus, the trial court concluded that this action lacked an arguable basis in law or fact because it constituted a refiling of claims that Kirby has already litigated in prior cases.[7] *Id.* at 3.

After careful review, we find that the trial court did not abuse its discretion or commit an error of law when it denied Kirby's IFP petition based upon a finding that the underlying action was frivolous. The claims Kirby sets forth in the instant case have already been litigated, and a final judgment has been entered on the merits by a court of competent jurisdiction. *See Khalil v. Cole*, 240 A.3d 996, 1000 (Pa. Super. 2020) ("The doctrine of res judicata holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action.") (citations omitted). Pointedly, in April 2021, Kirby filed an action in federal court alleging that CYF and several of its employees violated Kirby's civil rights under section 1983 when it petitioned for the termination of her parental rights. *See Kirby*, 2022 WL 1203846 at *1. The

---

[7] The trial court erroneously stated that the federally removed cases were both dismissed with prejudice by the federal court. However, only *Kirby I* was dismissed with prejudice. At the time of the trial court's writing, on April 16, 2024, *Kirby II* remained active. Kirby voluntarily dismissed *Kirby II* on April 23, 2024.

federal court dismissed her claims with prejudice. *Id.* at *2. In the present case, she continues to assert largely the same claims against Allegheny County employees based on their involvement in the same termination proceedings.[8]

Although the instant case contains some minor differences when compared to the prior cases she has filed—specifically, her addition of defendants Candycia Thompson and Charise Wright and several additional causes of action—the law is clear that parties may not rely on "minor differences of form, parties, or allegations" between cases to avoid res judicata and seek "a second trial on the same cause between the same parties." *BuyFigure.com, Inc. v. Autotrader.com, Inc.*, 76 A.3d 554, 561 (Pa. Super. 2013) (citation omitted). As noted, the alleged violations of Kirby's civil rights by CYF and its staff during the proceedings leading up to the termination of her parental rights are the ultimate and controlling issues in all three cases. *See Khalil v. Travelers Indemnity Co. of America*, 273 A.2d 1211, 1224 (Pa. Super. 2022) ("The thing which the court will consider [in evaluating whether res judicata bars an action] is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.")

---

[8] We note that Kirby initiated the second case in state court before it was removed to federal court by the defendants. *See Kirby II*, No. 23-CV-2172. Kirby's voluntary dismissal of that federal case, which involved the same civil rights claims against the same parties based on the termination of Kirby's parental rights, does not provide a non-frivolous basis for her to again raise the claims in the instant case.

(citations omitted). Therefore, Kirby is barred from bringing this case under res judicata.

Further, Kirby has not provided any support for her contention that the court's denial of her IFP petition violated her constitutional rights, nor has she provided support for her claim that the denial precluded her access to the courts. Accordingly, we conclude that the trial court appropriately denied Kirby's IFP petition on the basis that the claims asserted in this case were frivolous.

**Entry of Judgment of Non Pros**

Kirby additionally contends that the DCR erred by entering a judgment of non pros for this case. Kirby's Brief at 42. She states that the entry of a judgment of non pros was improper because she should have had twenty days to reply to the defendants' January 24, 2024 response in opposition to her IFP petition pursuant to Pa.R.Civ.P. 1026. *Id.* Kirby argues that the trial court's February 6, 2024 order was therefore premature because she should have had six additional days to respond. *Id.* Kirby concludes that the entry of a judgment of non pros for this case was erroneous because it was based upon a premature order. *Id.*

Pennsylvania Rule of Civil Procedure 240(c)(1)(ii) requires the entry of a judgment of non pros ten days after the court provides notice of its denial of an IFP petition to the party seeking to proceed IFP. Pa.R.Civ.P. 240(c)(1)(ii). A party must seek relief from a judgment of non pros by filing a timely petition to open the judgment. Pa.R.Civ.P. 3051(a). "Since petitions

to open judgments of non pros are mandatory, any appeal related to a judgment of non pros lies not from the judgment itself, but from the denial of a petition to open or strike." ***Cardona v. Buchanan***, 230 A.3d 476, 479 (Pa. Super. 2020) (citation, quotation marks, and brackets omitted).

Here, the trial court informed Kirby of her obligation to pay the filing fee for this case within ten days of its February 6, 2024 order. As Kirby did not pay the filing fee within ten days, the DCR properly entered a judgment of non pros. ***See*** Pa.R.Civ.P. 240(c)(1)(ii). Kirby did not file a petition to open the judgment in the trial court, and only seeks relief from of the DCR's entry of a judgment of non pros on appeal. ***See Cardona***, 230 A.3d at 479. Therefore, Kirby waived her claim. ***See id.*** at 480 (concluding failure to file a petition to open a judgment non pros rendered claims related to the judgment waived).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/7/2025