J-S53018-19

2020 PA Super 55

| | | |
|---|---|---|
| MADELINE C. CARDONA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| CECIL BUCHANAN, THE DOMINION GROUP, INC. AND JOHN DOE | | |
| Appellees | | No. 1478 EDA 2019 |

Appeal from the Order Entered April 18, 2019
In the Court of Common Pleas of Monroe County
Civil Division at No: 10007 CV 2007

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

OPINION BY STABILE, J.: **FILED MARCH 09, 2020**

Appellant Madeline C. Cardona appeals from an order granting the motion of Appellee Cecil Buchanan for judgment of non pros in this personal injury action. We affirm.

On November 8, 2007, Appellant filed a writ of summons against the Appellees captioned above. On November 20, 2009, Appellant filed a complaint seeking damages for injuries that she allegedly suffered on December 19, 2005 when she slipped and fell in a parking lot owned by Appellee, The Dominion Group, Inc. ("Dominion").

On October 10, 2011, the parties took Appellant's deposition. On July 26, 2012, counsel for Appellant, Dominion and 196 Plaza[1] entered a stipulation

---

[1] By order entered on November 3, 2010, 196 Plaza was joined as an additional defendant.

to discontinue Appellant's action against Dominion. On the same date, the trial court entered an order approving the stipulation and dismissing the action with prejudice against Dominion. On March 28, 2014, the parties took Appellee's deposition.

The next docket activity took place four years later, on October 4, 2018, when Appellant's counsel listed the case for arbitration. On November 21, 2018, Appellee filed a motion to dismiss the action against him for lack of prosecution.[2] On December 5, 2018, Appellant filed an answer to Appellee's motion to dismiss. On April 9, 2019, the court held an evidentiary hearing on the motion to dismiss. In an order docketed on April 19, 2019, the trial court granted Appellee's motion to dismiss for lack of prosecution[3] and dismissed the action with prejudice.

On May 14, 2019, without first filing a petition to open judgment, Appellant appealed to this Court. Appellant filed a concise statement of matters complained of on appeal which raised a single issue: "Whether the trial court failed to apply the correct standard to the evidence presented by [Appellee] in support of his motion to dismiss, as required by Pennsylvania law at the hearing concerning that motion on April 8, 2019, and thus

---

[2] Appellee claims in his brief that he filed this motion following receipt of a notice "out of the blue" listing this case for arbitration. Appellee's Brief at 3.

[3] Courts treat the terms "dismissal for lack of prosecution and "judgment of non pros" synonymously. *See*, *e.g.*, *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 381-82 (Pa. Super. 2011). This opinion refers to the trial court's order as a judgment of non pros.

improperly dismissed Plaintiff's claim with prejudice?" On June 21, 2019, the trial court filed a Pa.R.A.P. 1925 opinion reasoning that Appellant waived this issue by failing to file a petition to open judgment following the entry of judgment of non pros.

Appellant raises a single issue in this appeal: "Whether the Trial Court misunderstood the motion presented and applied the wrong standards to it, allowing a Motion to Dismiss, but treating it as a Motion for Judgment of non pros, and did the Trial Court misunderstand the standards for a judgment of non pros?" Appellant's Brief at 4.

Appellee's brief does not mention the trial court's rationale that Appellant waived this issue by failing to file a petition to open judgment. Instead, Appellee only argues that the trial court properly dismissed this action due to prejudice caused by Appellant's delay in prosecuting the case. Appellee's Brief at 12. Despite Appellee's omission, we have the authority to affirm the order of dismissal on any ground. **Wilson v. Plumstead Tp. Zoning Hearing Bd.**, 936 A.2d 1061, 1065 n.3 (Pa. 2007) ("[T]his Court may affirm on any ground"). We agree with the trial court's opinion because we find it consistent with our Supreme Court's analysis in **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996 (Pa. 2001). We affirm for the reason that Appellant waived her objection to the order of dismissal by failing to file a petition to open.

Pennsylvania Rule of Civil Procedure 3051 provides:

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and

(3) there is a meritorious cause of action.

(c) If the relief sought includes the opening of the judgment of non pros for inactivity, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of non pros does not support a finding that the following requirements for entry of a judgment of non pros for inactivity have been satisfied:

(i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

(ii) the plaintiff has failed to show a compelling reason for the delay, and

(iii) the delay has caused actual prejudice to the defendant.

Pa.R.Civ.P. 3051.

The Explanatory Comment to Rule 3051 observes that prior to the rule's January 1, 1992 effective date, a party seeking review of a judgment of non pros could proceed in two ways: either petition the trial court to open the judgment or seek appellate review of the judgment. Rule 3051, however,

mandates that the plaintiff file a petition to open before appealing, even when the trial court held a hearing before entering judgment of non pros. The Explanatory Comment emphasizes this point, stating:

> The rule adopts a uniform procedure although there are different types of judgments of non pros. . . . The rule will apply in all cases in which relief from a judgment of non pros is sought, whether the judgment has been entered by praecipe as of right or by the court following a hearing. Where the court has not participated in the entry of judgment, the rule will provide a procedure for court involvement and the making of a record which an appellate court will be able to review. Where the court has entered a judgment of non pros following a hearing, the rule will provide the court with an opportunity to review its prior decision. However, if the court is certain of its prior decision, it will be able to quickly dispose of the matter since the parties have already been heard on the issues.

Pa.R.Civ.P. 3051, Explanatory Comment--1991.[4] Since petitions to open judgments of non pros are mandatory, "[a]ny appeal related to a judgment of non pros lies not from the judgment itself, but from the denial of a petition to open or strike." **Bartolomeo v. Marshall**, 69 A.3d 610, 613-14 (Pa. Super. 2013).

---

[4] The Supreme Court has cautioned that explanatory comments are non-binding "since [they] have not been officially adopted or promulgated by this Court, nor do they constitute part of the rule. However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted." **In Re Estate of Plance**, 175 A.3d 249, 270 n.13 (Pa. 2017) (citing **Laudenberger v. Port Auth. of Allegheny Cty.**, 436 A.2d 147, 151 (Pa. 1981)). As discussed below, however, the Supreme Court cited Rule 3051's Explanatory Comment with approval in **Sahutsky**, a decision highly relevant to this appeal. Since the Supreme Court has found Rule 3051's Explanatory Comment persuasive, we do so as well.

In circumstances analogous to the present case, the Supreme Court held that a plaintiff waived all issues by failing to file a Rule 3051 petition to open before taking an appeal. *Sahutsky*, *supra*. The plaintiff in *Sahutsky* filed a personal injury action against an amusement park alleging that she suffered injuries during an amusement park ride. For almost three years thereafter, there was no docket activity. The defendant filed a motion for judgment of non pros, and the trial court granted the motion and dismissed the action with prejudice. The plaintiff appealed to the Superior Court without first filing a petition to open in the trial court. The Supreme Court held that the plaintiff waived all issues on appeal by failing to file a petition to open. *Id.* at 997, 1000-01.

> The Court explained that
>
> [Rule 3051's] mandatory phrasings that relief from a non pros "shall be sought by petition" and "must be asserted in a single petition" clearly connote a *requirement* that parties file a petition with the trial court in the first instance. The Comment . . . corroborates that [Rule 3051] applies to *all* judgments of non pros.
>
> . . .
>
> The reason for requiring that the petition be directed to the trial court initially is both obvious and salutary: it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so. Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal.

*Id.* at 999-1000 (emphasis in original).

- 6 -

Based on the rule's "clear and unambiguous" mandate to file a petition to open in the trial court, the Court held that "[the plaintiff's] failure to file a Rule 3051 petition operates as a waiver of any claims of error concerning the judgment of non pros[.]" **Id.** at 1000.

**Sahutsky** remains good law. While the Supreme Court amended Rule 3051 subsequent to **Sahutsky**, the amendment did not in any way overrule **Sahutsky**. The Court amended Rule 3051 to add subsection (c), a provision designed to "clarify the requirements for opening a judgment of non pros entered for inactivity." Pa.R.Civ.P. 3051, Explanatory Comment—2013. The effect of subsection (c) was merely to make the contents of a petition to open judgment of non pros different from the contents of other petitions to open. It did not, however, nullify **Sahutsky's** holding that plaintiffs whose actions are dismissed for inactivity must file a petition to open before taking an appeal.

In the present case, as in **Sahutsky**, the trial court entered a judgment of non pros due to Appellant's failure to prosecute her action, and Appellant failed to file a petition to open before appealing to this Court. Under these circumstances, Appellant waived the lone issue in her appellate brief. **Id.** The fact that the trial court held an evidentiary hearing before entering judgment of non pros did not excuse Appellant from filing a petition to open, since Rule 3051's Explanatory Comment persuades us that a petition to open remains

mandatory even when the trial court enters judgment of non pros following a hearing.

For these reasons, we affirm the order of the trial court.[5]

Judgment affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 3/9/2020*

---

[5] Appellant's failure to file a petition to open judgment prior to taking this appeal is not a ground for quashal.  ***See Sahutsky***, 782 A.2d at 1001 n.3 (quashal of appeal is inappropriate when party fails to file petition to open judgment of non pros; "the proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised").