J-A29038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANGELA WEST-BOGANS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN A. DAVIDSON, ESQ. AND THE | : | No. 193 MDA 2020 |
| LAW OFFICES OF JOHN A. | : | |
| DAVIDSON | | |

Appeal from the Order Entered January 24, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019-CV-4034

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED DECEMBER 09, 2020**

Appellant, Angela West-Bogans, *pro se*, appeals from the order entered January 24, 2020, in the Court of Common Pleas of Dauphin County, denying her motion to strike a judgment of *non pros* ("JNP") entered on December 20, 2019.  For the following reasons, we dismiss this appeal.

On June 5, 2019, Appellant commenced this action by complaint, asserting that Appellee John A. Davidson, Esquire, acted improperly or unprofessionally toward her during his representation of clients Noemi and Gloria Castro in a landlord-tenant dispute between Appellant and the Castros. In addition to the appeal of this underlying landlord-tenant action, ***West-***

---

[*] Retired Senior Judge assigned to the Superior Court.

*Bogans v. Castro*, No. 1943 MDA 2019 (Pa. Super. filed October 23, 2020) (unpublished memorandum), the current appeal is the third time the instant case, Dauphin County Court of Common Pleas Docket Number 2019-CV-4034, has been before this Court on appeal. *West-Bogans v. Davidson*, No. 1504 MDA 2019 (Pa. Super. filed December 18, 2019) (order granting application to quash appeal); *West-Bogans v. Davidson*, No. 147 MDA 2020 (Pa. Super. filed April 17, 2020) (quashed *sua sponte*).

The relevant procedural history for the present appeal begins on October 2, 2019, when Davidson and his law firm, Co-Appellee The Law Offices of John A. Davidson, filed a notice of intent to enter JNP for failure to file a written statement from an appropriate licensed professional. On December 20, 2019, Appellees filed a praecipe for entry of JNP pursuant to Pa.R.C.P. 1042.12,[1] and, later that same day, the Prothonotary issued a notice of entry of JNP. On January 21, 2020, Appellant filed a motion to strike the

---

[1] The prothonotary, on praecipe of the defendant, shall enter a [JNP] against the plaintiff for failure to file a written statement under Rule 1042.3(e) provided that

(1) no written statement has been filed,

(2) the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the [JNP], and

(3) the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter [JNP].

Pa.R.C.P. 1042.12(a).

J-A29038-20

JNP. On January 24, 2020, the trial court denied the motion to strike. On January 27, 2020, Appellant filed this timely[2] appeal.[3]

Appellant presents the following issues for our review:

1) Did the trial court err in requiring Appellant to obtain a signed Certificate of Merit by an Attorney unaffiliated with the case?

2) Did the trial court err in striking Appellant's default Judgement from the record?

3) Did trial court err allowing Appellees['] Counsel to extend the time for responding to complaints?

4) Did trial court[] err ignoring the damage and harassment experienced by Appellant while representing his clients?

5) Did the trial court err by ignoring Appellee conspired and participated in reigniting domestic violence issues?

6) Did trial court err by refusing to acknowledge Appellee went beyond the scope of his defense in the landlord tenant case?

---

[2] "[A]ny appeal related to a [JNP] lies not from the judgment itself, but from the denial of a petition to open or strike." *Cardona v. Buchanan*, 230 A.3d 476, 479 (Pa. Super. 2020) (citation and internal brackets and quotation marks omitted). Accordingly, the current appeal from the JNP does not lie from the judgment dated December 20, 2019, but from the denial of the petition to strike entered January 24, 2020. Consequently, Appellant's notice of appeal entered three days later was timely filed. *See* Pa.R.A.P. 903(a) ("the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken").

[3] The trial court did not order and Appellant did not filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court entered its opinion pursuant to Pa.R.A.P. 1925(a) on March 10, 2020.

7)     Did the trial court err by stating Cumberland County divorce proceedings[4] had no bearing on Dauphin County cases?

8) Did the trial court err in allowing Appellee to toll the time for filing a response to the complaint filed by Appellant?

Appellant's Brief at 6.

Before reaching the merits of these issues, we must ascertain whether Appellant adhered to the Pennsylvania Rules of Appellate Procedure. Whether an appellant followed appellate procedure is a pure question of law for which "our scope of review is plenary, and the standard of review is de novo." *Commonwealth v. Walker*, 185 A.3d 969, 974 (Pa. 2018).

"[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citing Pa.R.A.P. 2101).

> [*P*]*ro se* status does not relieve [an appellant] of his duty to follow the Rules of Appellate Procedure. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *In re Ullman*, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

---

[4] Appellant was also a party to a divorce case in Cumberland County against her now-ex-husband, Tracy C. Bogans. *See West-Bogans v. Bogans*, 220 A.3d 621 (Pa. Super. 2019) (unpublished memorandum); *West-Bogans v. Bogans*, 220 A.3d 623 (Pa. Super. 2019) (unpublished memorandum).

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037–38 (Pa. Super. 2018), *reargument denied* (February 6, 2019), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied.*, 140 S. Ct. 1147 (2020).

Instantly, Appellant's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Appellant's entire brief is comprised of prose in which she makes various allegations of misconduct on the part of Appellees and rehashes her version of the facts and the travails that she believes she has faced in her various cases in Cumberland and Dauphin Counties. Appellant fails to divide her argument into as many parts as there are questions to be argued, in violation of Rule 2119(a), nor does she develop any analysis of the issues raised. *See* Pa.R.A.P. 2119(a) ("argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); *Kelly v. The Carman Corporation*, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities)); *see also, e.g.*, *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider

the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

***Commonwealth v. Briggs****,* 12 A.3d 291, 343 (Pa. 2011).

"While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa. Super. 2015). In ***Freeman***, ***id.***, this Court concluded that, where the appellant had "made no effort whatsoever to discuss the applicable law or to link the facts of his case to that law[,]" his claim was waived. Analogously, in the current action, Appellant has made no effort to discuss the applicable law or to link the facts of her case to that law; accordingly, this failure to develop a coherent legal argument in support of any of her claims results in the waiver of all of those issues. ***Id.***

Consequently, we cannot and will not reach the merits of her claims of error. Thus, we are compelled to dismiss this appeal.

Appeal dismissed.

Judge Dubow did not participate in the decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/09/2020