J-S08017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IRENE GRIVAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW SHAW, ESQ., D/B/A LAW | : | No. 1207 MDA 2022 |
| OFFICE OF ANDREW H. SHAW, PC & | : | |
| LAW OFFICE OF ANDREW H. SHAW, | : | |
| PC | : | |

Appeal from the Order Entered August 1, 2022
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-15-09386

BEFORE:    OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:            **FILED:  AUGUST 25, 2023**

In this legal malpractice action, Irene Grivas (Appellant), who is represented by counsel of record, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which granted the motion of Andrew Shaw, Esq., D/B/A Law Office of Andrew H. Shaw, PC & Law Office of Andrew H. Shaw, PC (collectively, Appellee) to dismiss Appellant's complaint for lack of prosecution.[1]  The trial court now suggests we vacate the order and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "Courts treat the terms 'dismissal for lack of prosecution' and 'judgment of non pros' synonymously." **Cardona v. Buchanan**, 230 A.3d 476, 477 n.3 (Pa. Super. 2020) (citation omitted).

remand for a hearing, on the ground it incorrectly accepted Appellee's reliance on caselaw, now overruled, that a two-year passage of non activity could establish a presumption of prejudice.[2]  We vacate and remand on another basis — that there were several irregularities surrounding Appellant's multiple *pro se* filings, as well as the trial court's failure to serve the underlying dismissal order on counsel of record.

We briefly summarize that previously, Appellee, an attorney, represented Appellant in an estate matter concerning Appellant's mother, who was adjudicated incapacitated.  In that matter, the orphans' court appointed a bank to be guardian of the mother's estate.  In 2008, Appellant, represented by Appellee, filed objections to the guardian's accounting, which were denied.  Appellant appealed, and this Court affirmed on August 13, 2013.[3]  ***See In re: E.G., an Incapacitated Person***, 1564 MDA 2012 (unpub. memo). (Pa. Super. Aug. 13, 2013).

On October 28, 2015, Appellant, represented by Matthew Weisberg, Esquire, filed a *praecipe* for a writ of summons against Appellee.  Appellant filed a complaint on December 11, 2015, and, following a series of preliminary

---

[2] Trial Ct. Op., 10/6/22, at 8, *citing **Jacobs v. Halloran***, 710 A.2d 1098 (Pa. 1998).

[3] The mother died in December of 2014.  Trial Ct. Op., at 2 n.1.

objections, a fourth amended complaint on September 25, 2017.[4] Appellant presented claims of professional negligence, breach of contract, and breach of fiduciary duty. Appellee filed an answer and new matter on July 17, 2018, which the trial court noted was almost three years after the commencement of this case. *See* Trial Ct. Op. at 3.

Thereafter, on August 29, 2019, Attorney Weisberg filed a motion for leave to withdraw from representing Appellant. Over Appellant's objection, the trial court granted this motion on December 6, 2019.[5] On December 18th, present counsel for Appellant, James Wolman, Esquire, entered his appearance. We note that Attorney Wolman remains counsel of record, although he has not filed any other documents in this matter.[6]

_____

[4] Appellant's initial complaint also named as defendants: (1) Scott Mitchell, Esq., d/b/a Rhoads & Sinon LLP, d/b/a Rhoads & Sinon Group LLC, d/b/a Rhoads & Sinon, f/d/b/a McNees Wallace & Nurick LLC; and (2) Rhoads & Sinon LLP, d/b/a Rhoads & Sinon Group LLC, d/b/a Rhoads & Sinon, and f/d/b/a McNees Wallace & Nurick LLC. However, Appellant's first amended complaint was filed only against Attorney Shaw and his law practice.

[5] Appellant had filed a *pro se* answer to Attorney Weisberg's motion to withdraw, objecting to his withdrawal, and subsequently, a *pro se* motion for reconsideration of the trial court's order permitting him to withdraw.

Furthermore, we note at this time, the matter was reassigned to the current trial judge, the Honorable David Ashworth, President Judge, following the retirement of the previously assigned trial judge.

[6] An "attorney of record" is defined as "an attorney at law who is entered on the docket or record of a court as appearing for or representing a party in a legal proceeding." Pa.R.C.P. No. 76. Generally, "an attorney may not withdraw his or her appearance without leave of court." Pa.R.C.P. 1012(b)(1).

The next substantive filing on the trial docket was Appellee's underlying May 23, 2022, motion to dismiss Appellant's complaint for lack of prosecution, along with a supporting brief. Appellee pointed out the lack of any docket activity for more than two years since Attorney Wolman's entry of appearance.[7] **See** Appellee's Motion to Dismiss for Lack of Prosecution, 5/23/22, at 2. Appellee served both the motion and brief on Appellant's counsel, Attorney Wolman. **See** Appellee's Certificate of Service for Motion to Dismiss for Lack of Prosecution, 5/3/22.

On May 31, 2022, Appellant filed a *pro se* "Motion to Stay," arguing that in April of 2018, in the ongoing, underlying estate case involving her mother, the orphans' court "stated on the record that all pending cases be Stayed until the conclusion of" that case.[8] Appellant's Motion to Stay, 5/31/22. On June 10th, Appellee filed an answer and objection, responding to the merits of Appellant's *pro se* motion; Appellee likewise served this answer on Attorney Wolman. On June 13th, Appellant filed a *pro se* "Answer" to the motion to dismiss. There is no indication in the record or trial docket that the clerk of

---

[7] The trial court's opinion stated a rule was entered on Appellant to show cause why Appellee was not entitled to relief. Trial Ct. Op. at 3. However, neither the trial docket nor certified trial record included this rule to show cause.

[8] Appellant attached an April 4, 2018, orphans' court order in support. The trial court found nothing in this order referred to a stay of related civil actions. Trial Ct. Op. at 6-7.

courts forwarded either *pro se* filing — the "Motion to Stay" or "Answer" — to Appellant's counsel, Attorney Wolman.

On August 1, 2022, the trial court entered two separate orders. First, the court granted Appellee's motion to dismiss for lack of prosecution, essentially entering judgment *non pros* in favor of Appellee. The second order denied Appellant's *pro se* "Motion to Stay." Both orders were entered after consideration of Appellant's *pro se* responses on the merits,[9] and neither order was served on Attorney Wolman.[10]

Next, on August 15, 2022, Appellant filed a *pro se* "Motion to Vacate," which stated, *inter alia*, that her counsel was not provided with a copy of the August 1st order granting Appellee's motion to dismiss. **See** Appellant's Motion to Vacate, 8/15/22, at 1 (unpaginated). Appellant attached a copy of an August 12th email, purportedly from Attorney Wolman to her, which stated: (1) the trial court did not copy him on the order; (2) nevertheless, Attorney Wolman had reviewed the docket and saw the order; and (3) he intended to draft a petition to strike the judgment, but could not do so until

---

[9] **See** Order, 8/1/22 (granting Appellee's motion to dismiss after consideration of "Appellant's pro se response"); Order, 9/6/22, at 2 n.1 (explaining trial court "weighed [Appellant's] *pro se* response" but ultimately granted Appellee's motion to dismiss "based upon the facts of the case").

[10] **But see** Pa.R.C.P. 236(a)(2) (prothonotary shall immediately give written notice of the entry of any order or judgment to each party's attorney of record) (discussed **infra**).

the following week. *Id.* at Exh. A. Next, on August 26th, Appellant filed a *pro se* notice of appeal.[11] The docket does not indicate the court sent either *pro se* filing to counsel of record.

Thereafter, on September 6, 2022, the trial court denied Appellant's "Motion to Vacate" as "a legal nullity given [Appellant's] representation by counsel.[ ]" Order, 9/6/22, at 1. We note this order was served on Attorney Wolman. In a footnote, the trial court cited the principles: (1) "Pennsylvania courts disfavor hybrid representation[; (2)] *pro se* filings by represented parties are generally deemed to have no legal effect and are considered legal nullities[;]" and (3) a *pro se* filing could present "a conflict between lawyer and client, [which] could undermine [the party's] chance of success." *Id.* at 1 n.1, *citing* **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011);[12] **Commonwealth v. Ali**, 10 A.3d 282, (Pa. 2010); **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993). However, the court then found "there was no conflict between" Appellant and her attorney where the latter had "failed to respond" to Appellee's motion to dismiss. Order, 9/6/22, at 2 n.1. In other

---

[11] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of reasons relied upon for appeal.

[12] **Jette** was abrogated on other grounds by **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). **See Bradley**, 261 A.3d at 401 ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").

- 6 -

words, the court reasoned, even if it had "rejected [Appellant's earlier] *pro se* response as a legal nullity," the outcome would have been the same — the court would have granted Appellee's motion to dismiss on the ground Appellant's counsel did not file any response. ***Id.***

Finally, the trial court's September 6, 2022, order acknowledged that its August 1st order, granting Appellee's motion to dismiss the complaint, was not served on Appellant's counsel. Order, 9/6/22, at 2 n.1. Nevertheless, the court found this "oversight did not prejudice" Appellant, as Attorney Wolman had acknowledged, in the August 12th email, "that the appropriate action was to file a petition to strike the judgment[,]" but ultimately, he filed no such petition. ***Id.***

Appellant has filed a *pro se* brief on appeal. She presents two issues for our review:

> I. Whether the trial court abused its legal discretion in nullifying [A]ppellant[']s pro se response [to A]ppellee's motion to dismiss as a nullity for hybrid representation in the face of attorney abandonment, sabotage, and dereliction of duties[?]
>
> II. Whether the trial court subsequently violated [A]ppellant[']s substantive due process rights under the 14th Amendment for refusing to consider her pro se responses before arriving at the order to dismiss[?]

Appellant's Brief at 5. We address her related claims together.

First, Appellant acknowledges the trial court followed "the established stringent procedure in Pennsylvania[,]" that "*pro se* filings by represented parties are regarded as a nullity and lack any legal effect." Appellant's Brief

- 7 -

at 9. Nevertheless, Appellant avers, the trial court erred in "nullifying [her] *pro se* responses" and in disregarding Attorney Wolman's "sabotage, abandonment, and dereliction of duties[.]"[13] ***Id.*** Appellant contends the trial "court bound [her] to the actions of an abandoning attorney," in contravention of ***Holland v. Florida***, 560 U.S. 631 (2010), and ***Maples v. Thomas***, 565 U.S. 266 (2012), which Appellant claims to have held "a litigant can never be bound by the actions or omissions of an abandoning attorney."[14] Appellant's Brief at 9. Appellant maintains the trial "court violated her right to file pro se responses" despite the fact that "her attorney abandoned her." ***Id.*** at 10.

Second, Appellant avers the trial court's rulings "contravened" Federal Rule of Civil Procedure 60(b)(6), which she claims "creates an exception to the rule precluding the stringent rule against *pro se* litigation[.]"[15] Appellant's

---

[13] To the extent Appellant avers the trial court dismissed all of her *pro se* filings as legal nullities, we would disagree. As stated above, the trial court reviewed both Appellant's May 31, 2022, *pro se* "Motion to Stay" and her June 13th *pro se* response to the motion to dismiss on the merits. It was only after the court granted Appellee's motion to dismiss that the court construed Appellant's subsequent *pro se* filing — the "Motion to Vacate" — as a legal nullity.

[14] In light of our disposition ***infra***, we need not review the merits of Appellant's interpretation of these United States Supreme Court decisions.

[15] Federal Rule of Civil Procedure 60(b)(6) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

*(Footnote Continued Next Page)*

Brief at 10. Appellant maintains she was denied "an opportunity to be heard in the face of being abandoned by her attorney." *Id.*

Appellee responds this Court should affirm on the ground Appellant failed to file the proper response (a petition to open or strike the judgment) to the entry of judgment *non pros*, and thus she has waived any challenge. Appellee's Brief at 6. For the reasons set forth *infra*, we decline to find waiver under the particular circumstances presented in the case *sub judice*.

Meanwhile, the trial court now suggests that a remand is appropriate on the merits of whether Appellee has established it suffered prejudice. The court's opinion states it had previously credited Appellee's reliance on ***Shrum v. Pennsylvania Electric Co.***, 269 A.2d 502 (Pa. 1970), for the proposition that "a lapse of time may in itself be presumptively prejudicial without any specific showing of prejudice on the record." Trial Ct. Op. at 8 (quotation marks & footnote omitted). ***See Jacobs***, 710 A.2d at 1101 ("A Court may properly enter a judgment of non pros when a party . . . has shown a want of due diligence in failing to proceed with reasonable promptitude, . . . there has been no compelling reason for the delay, **and the delay has caused some**

_____

\* \* \*

(6) any other reason that justifies relief.

Fed.R.C.P. 60(b)(6).

**prejudice to the adverse party**, such as the death of or unexplained absence of material witnesses.") (emphasis added), *quoting James Brothers Co. v. Union Banking & Trust Co. of DuBois*, 247 A.2d 587, 589 (Pa. 1968).

In light of the multiple irregularities in the procedural history of this matter, we conclude that remand is appropriate and vacate the order granting Appellee's motion to dismiss for lack of prosecution.

First, as both the trial court and Appellant have acknowledged: "As hybrid representation is not permitted in the Commonwealth, our courts 'will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities.'" **Commonwealth v. Williams**, 241 A.3d 353, 354 n.1 (Pa. Super. 2020). In criminal matters, our Supreme Court has held: "[T]he proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion." **Jette**, 23 A.3d at 1044. **See also Williams**, 241 A.3d at 354 n.1 ("Generally, when a counseled defendant files a *pro se* document, courts do not act on the filing, but instead note it on the docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4).").

Although these above decisions were in criminal matters, this Court has acknowledged the general prohibition against hybrid representation in a child custody appeal. **See S.C.B. v. J.S.B.**, 218 A.3d 905, 911 n.4. (Pa. Super. 2019) (acknowledging general rule that as "our courts prohibit *pro se* filings

by represented appellants, . . . we treat those filings as legal nullities," but noting *pro se* notices of appeal filed by represented parties are treated differently and thus permitted). We have also applied these principles in an unpublished memorandum in a dependency matter, and the Commonwealth Court has applied them in an unreported memorandum in a civil matter. **See Interest of K.R.**, 669 EDA 2019 (unpub. memo. at 5 n.4) (Pa. Super. July 15, 2020); **N. Coventry Twp. v. Tripodi**, 1023 C.D. 2020, 2021 WL 6057239 (unpub. memo. at *8 n.15) (Pa. Cmwlth. Dec. 22, 2020), *appeal denied*, 435 MAL 2022 (Pa. Mar. 23, 2022).[16]

Notably, here, the trial court itself acknowledged the prohibition against hybrid representation. **See** Order, 9/6/22, at 1 n.1, *citing* **Ali**, 10 A.3d at 293; **Jette**, 23 A.3d at 1040; **Ellis**, 626 A.2d at 1139. However, we determine the trial court has erred in not applying this prohibition consistently. As stated above, it addressed Appellant's, *pro se* responses to the motion to dismiss on the merits, despite the fact that Attorney Wolman remained counsel of record, in its review of Appellee's motion to dismiss Appellant's complaint.

More importantly, we emphasize the trial court failed to serve the underlying order — which again dismissed Appellant's complaint and entered

---

[16] "[A]n unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019[, as well as] an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008 . . . may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2).

judgment *non pros* against her — on Attorney Wolman.  Pennsylvania Rule of Civil Procedure 236 provides that when an order or judgment is entered, "[t]he prothonotary **shall** immediately give written notice *. . .* **to each party's attorney of record** or, if unrepresented, to each party.  The notice **shall** include a copy of the order or judgment."  Pa.R.C.P. 236(a)(2) (emphases added).  As noted above, an "attorney of record" is an attorney "who is entered on the docket or record of a court as appearing for or representing a party in a legal proceeding," and generally, "an attorney may not withdraw his or her appearance without leave of court."  Pa.R.C.P. 76, 1012(b)(1).

We disagree with the trial court's suggestion that Appellant suffered no prejudice as a result of this error, as her email exhibit purported to show Attorney Wolman was aware of the order, but nevertheless failed to act on it.  We disagree that this un-authenticated exhibit, in the absence of any evidentiary hearing or further investigation by the court, excuses the failure to serve this order on counsel of record.  Again, Pa.R.C.P. 236(a) clearly requires the court prothonotary to give written notice of any judgment or order to the attorney of record, along with a copy of the judgment or order.  It is not disputed this was not accomplished here.

Furthermore, we address the trial court's finding that Appellant's *pro se* August 15, 2022, "Motion to Vacate" was a legal nullity.  ***See*** Order, 9/6/22, at 1-2 n.1.  While we would conclude this was a proper rejection of Appellant's *pro se* filings, we note it was inconsistent with the court's treatment of the

earlier *pro se* filing, and indeed somewhat inconsistent with its own reasoning, in the same footnote, that there was no conflict between Appellant's and Attorney Wolman's positions. **See id.**, *citing* **Jette**, 23 A.3d at 1040. The court correctly stated that one reason against hybrid representation was the potential conflict between *pro se* and counseled arguments on appeal, which could undermine the appellant's chance of success. **See id.** If — as the trial court reasoned — Appellant's and Attorney Wolman's positions were compatible, then this concern would not apply. However, the court found the *pro se* filing was a legal nullity.

Finally, we acknowledge that although Attorney Wolman remains counsel of record, the docketing sheets in this appeal indicate Appellant is proceeding *pro se*, and she filed a *pro se* brief.

In light of the many, particular irregularities presented in this matter, especially the trial court prothonotary's failure to serve the August 1, 2022, order dismissing Appellant's complaint on Attorney Wolman, we determine that Appellant is entitled to some relief. We thus vacate the August 1, 2022, order granting Appellee's motion to dismiss, and remand for further proceedings. We note this disposition is consistent with the trial court's suggestion that we vacate and remand, albeit on different grounds.

Within 30 days of this Court's remand, the trial court shall determine the status of Appellant's counsel. If Attorney Wolman withdraws from representation, then the trial court shall give an additional 30 days' time from

- 13 -

the withdrawal for new counsel to enter an appearance or for Appellant to advise the court she will proceed *pro se*.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2023