J-S45010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES EDWARD NOTTINGHAM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MIELE, ESQUIRE | : | No. 617 MDA 2023 |

Appeal from the Order Entered March 28, 2023
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  CV 22-01071

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 5, 2024**

James Edward Nottingham appeals *pro se* from the order dismissing his objections in the underlying malpractice suit against his former divorce attorney, William Miele, Esquire.  We affirm.

We glean the following from the certified record.  Appellant filed a complaint against Attorney Miele on November 2, 2022, alleging "negligent malpractice by dishonest services in the unlawful act of grand theft" of the proceeds from the sale of the marital home in connection with Attorney Miele's representation of Appellant in his divorce proceedings.  **See** Complaint, 11/2/22, at ¶¶ 1-8.  The President Judge of Lycoming County recused all judges on the Lycoming County Court of Common Pleas because Attorney

_____

[*] Former Justice specially assigned to the Superior Court.

Miele regularly practiced before the court. The matter was thereafter assigned to Senior Judge Samuel Kline.

On December 14, 2022, Attorney Miele filed a notice of intent to file a praecipe to enter judgment of *non pros* because Appellant had not filed a certificate of merit ("COM") with his complaint as required by Pa.R.Civ.P. 1042.3.[1] Appellant responded with a bevy of motions in January, including

---

[1] Professional liability actions are governed by Pa.R.Civ.P. 1042.1-1042.12. Those rules provide in pertinent part as follows:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> >
> > (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> >
> > (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.Civ.P. 1042.3(a). If a plaintiff fails to comply, a defendant may file a praecipe for a judgment of *non pros* pursuant to Rule 1042.7:
*(Footnote Continued Next Page)*

preliminary objections, a motion for extension of time to file pleadings, a motion to dismiss Attorney Miele's notice, and a motion to determine the necessity to file a COM. At no point did Appellant file a COM in compliance with Pa.R.Civ.P. 1042.3(a). Thereafter, Attorney Miele filed the praecipe, and the prothonotary entered judgment of *non pros* on February 13, 2023.

Four days later, Appellant filed a motion for summary judgment because Attorney Miele did not provide a defense to his complaint, and,

> [o]n February 23, [he additionally] filed a "Motion to Strike Default Judgment Pursuant to Rule 1042.7 and 1042.3 *Et Seq.*" The court held a hearing on March 2, 2023[,] wherein the court directed [Appellant] that, since judgment was entered, [Appellant] would need to petition to open the judgment, and that the court would likely not grant such petition unless and until [Appellant] were to file a [COM] pursuant to Pa.R.Civ.P. 1042.3. The court entered

---

> (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that
>
>> (1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,
>>
>> (2) no certificate of merit has been filed,
>>
>> (3) except as provided by Rule 1042.6(b) [pertaining to an extension of time to file a certificate of merit], the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of *non pros*, and
>>
>> (4) except as provided by Rule 1042.6(b), the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of *non pros*.

Pa.R.Civ.P. 1042.7.

- 3 -

an order on the same day reiterating that the court would be unlikely to be able to provide relief from the default judgment absent a [COM].

On March 8, 2023, [Appellant] filed a "Motion to Strike Default Judgment for insufficient service, lack of jurisdiction, and lack of authorization." Soon after, [Appellant] filed an "Objection to Summary Judgment." The court entered an order on March 15, 2023[,] denying the motion to strike and the objection to summary judgment on the basis that [Appellant[2]] did not present a certificate of merit as directed by the court. On March 20, 2023, [Appellant] filed objections on the grounds of "lack of jurisdiction and improper service," that the "judgment is illegal and void," and that any "order by this court is futile in respect to the defendants [*sic*] filings are only to cause undue delay and harass the plaintiff." The court dismissed those objections as lacking procedural basis by order filed on March 28, 2023.

Trial Court Opinion, 8/3/23, at 1-2 (cleaned up, spelling corrected).

In the March 28, 2023 order, the court instructed Appellant that he had thirty days from the entry of that order to file a notice of appeal to this Court. Relying upon that directive, Appellant filed the instant appeal.[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal. In response, Appellant submitted a document over twenty pages in

---

[2] In its opinion, the trial court states that "Miele" did not present the COM as directed. We understand this to be a typographical error, as it was clearly Appellant who failed to file a COM.

[3] Due to this breakdown in the court system, we decline Attorney Miele's request to quash the instant appeal as untimely filed from the judgment of *non pros*. **See Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa.Super. 2003) (permitting untimely appeal to proceed because the "error resulted from the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation" (cleaned up)).

length, with attachments, which is practically identical to the brief entered in this Court.[4] The trial court authored a Pa.R.A.P. 1925(a) opinion.

Appellant presents three issues for our consideration:

1. Whether the lower court erred in not enforcing the Pennsylvania rules, laws, and constitution in the theft of [Appellant]'s divorce settlement that the defendant failed entirely to proffer a defense, answer the petition, or enter a timely appearance, and is defendant['s] rights waived for his failure to abide by the Pennsylvania Rules of Civil Procedure?

2. Whether the court abused its discretion by the recusal from the president judge of all judges in the county without their written consent and *sua sponte* transfer the case without request or by petition from either party that is improper for a want of jurisdiction and [Appellant]'s subpoena, and summary judgment should have been granted in his favor that was entered in the record before the judgment of *non pros* create a manifest injustice?

3. Whether there was acts of fraud committed against [Appellant] during the proceeding in acts of bad faith and should the sanctions have been granted in his favor?

Appellant's brief at 6.

At the outset, there are a slew of defects preventing us from reaching the merits of these issues. Beginning with the most recent transgression, we could dismiss the instant appeal based solely upon Appellant's brief, which is largely a reproduction of his concise statement and wholly fails to set forth a coherent argument addressing any of the above-cited claims. ***See 9795***

---

[4] The only significant substantive changes were the addition of a third issue in his statement of questions involved, and the insertion, mid-sentence, of two paragraphs of additional argument. ***Compare*** Appellant's brief at 20 ***with*** Rule 1925(b) statement, 6/2/23, at 20.

***Perry Highway Mgmt., LLC v. Bernard***, 273 A.3d 1098, 1103 (Pa.Super. 2022) ("Rule of Appellate Procedure 2119(a) requires that each distinct issue in the argument section of a brief contain such discussion and citation of authorities as are deemed pertinent. This Court will not act as counsel and will not develop arguments on behalf of an appellant. When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived." (citations omitted)).

Second, as noted, Appellant's Rule 1925(b) statement was over twenty pages in length. The statement's format was more akin to a brief. Indeed, it was nearly identical to the brief he filed in this Court. Since the statement was anything but concise, we could find waiver of all issues. ***See*** Pa.R.A.P. 1925(b)(4)(iv) ("The Statement should not be redundant or provide lengthy explanations as to any error."). Similarly, we could find waiver of Appellant's third issue on appeal for failure to include it in his Rule 1925(b) statement. ***See Commonwealth v. Davis***, 273 A.3d 1228, 1239 n.5 (Pa.Super. 2022) (deeming issue waived on appeal for failing to include it in concise statement pursuant to Pa.R.A.P. 1925(b)(4)(vii)).

Fundamentally, though, Appellant's appeal is hindered by the fact that he never obtained a COM or filed a petition to open the judgment of *non pros* pursuant to Pa.R.Civ.P. 3051 before filing the instant appeal. Our Supreme Court has made it clear that Rule 1042.3 "requires that a [COM] be filed in any professional liability action in which it is alleged that a licensed

professional deviated from the acceptable standard of care." ***Womer v. Hilliker***, 908 A.2d 269, 272 (Pa. 2006). The Court explained:

> Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed in the official record in a document called a "certificate of merit" at the time the complaint is filed or within sixty days thereafter. Pa.R.Civ.P. 1042.3(a). [Rule] 1042.8 provides that "the certificate required for filing by Rule 1042.3(a) shall be substantially in the following form," and displays a sample COM that shows precisely what Rule 1042.3 requires. Moreover, Pa.R.Civ.P. 1042.3(d), which allows for the filing and granting upon good cause shown of a motion to extend the time for filing a COM, sets forth the one and only step that a plaintiff is to take if he finds himself unable to secure a COM and desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM filing requirement in a timely fashion.

***Id***. at 278 (cleaned up).

Our review of the certified record confirms that at no point did Appellant produce a COM. Insofar as he now contends summarily in his brief that expert testimony was not necessary for his malpractice suit, he was required to make such an assertion in a COM. ***See*** Pa.R.Civ.P. 1042.3(a)(3) (providing a declaration that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim" as one of the three available assertions in the mandatory COM).

We note that Appellant filed a motion for extension of time on January 11, 2023, prior to the entry of judgment of *non pros*. While the purpose of the extension is not entirely clear, Appellant cited Rule 1042.6(a) and requested sixty days "to investigate and interact with an appropriate licensed professional." Plaintiff Motion for Extension of Time, 1/11/23, at unnumbered

1.  Assuming this was a request for an extension of time to obtain a COM and Appellant wanted to argue that the court erred in failing to grant the extension,[5] the proper avenue for relief would be to file a petition to open the judgment of *non pros* pursuant to Rule 3051. Indeed, for any challenge to the entry of the judgment of *non pros*, Appellant was required to proceed pursuant to Rule 3051. **Womer**, 908 A.2d at 279 ("This does not mean, however, that a plaintiff who. . . fails to file a Rule 1042.3 COM and against whom a Rule 1042.6 judgment of *non pros* is entered, has no avenue by which to save his action. Under Pa.R.Civ.P. 3051, which allows a trial court to grant relief from a judgment of *non pros,* such a plaintiff has the opportunity to demonstrate that his failure to follow Pa.R.Civ.P. 1042.3 should be excused." (cleaned up)).

> In that regard, Rule 3051 provides in pertinent part as follows:
>
> (a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
>
> (b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
> > (1) the petition is timely filed,
> >
> > (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and

---

[5] At the March 2, 2023 hearing, the court indicated that if it were to consider that extension, it would be denied because Appellant still had not secured a COM. **See** N.T. Hearing, 3/2/23, at 7.

- 8 -

(3) there is a meritorious cause of action.

Pa.R.Civ.P. 3051. "The Rule's mandatory phrasings that relief from a *non pros* 'shall be sought by petition' and 'must be asserted in a single petition' clearly connote a **requirement** that parties file a petition with the trial court in the first instance." ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996, 999 (Pa. 2001) (emphasis in original) (quoting Pa.R.Civ.P. 3051).

> The reason for requiring that the petition be directed to the trial court initially is both obvious and salutary: it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so. Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal.

*Id*. at 1000 (cleaned up). Accordingly, our High Court has held that the failure to file a petition to open a judgment of *non pros* pursuant to Rule 3051 will result in waiver of any substantive claims on appeal. *Id*. at 1001 ("Because appellees failed to file the petition to open as required, they failed to preserve the issues raised therein and, therefore, the claims are waived. ***See*** Pa.R.A.P. 302." (footnote omitted)); *Id*. at 1001 n.3 (concluding that "quashal is inappropriate" where an appeal was timely filed, and, rather, that "the proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised").

Instantly, Appellant did not file a petition to open the judgment of *non pros* pursuant to Rule 3051 before filing the instant appeal. As illustrated

above, and as aptly observed by the trial court, this failure was part of a larger pattern of systemic problems with Appellant's filings:

> [Appellant] here has failed to comport with the Rules of Civil Procedure from the initiation of this matter. Judgment was entered due to his failure to comport with the Rules of Civil Procedure. His various motions and petitions failed to comport with the Rules of Civil Procedure. The appealed order *sub judice* denied [Appellant]'s [motion] for failure to comport with the Rules of Civil Procedure.

Trial Court Opinion, 8/3/23, at 2 (cleaned up; spelling corrected).

In the end, it is on this foundational basis that we determine Appellant has waived his issues on appeal. ***See Sahutsky***, 782 A.2d at 1001; ***see also Cardona v. Buchanan***, 230 A.3d 476, 480 (Pa.Super. 2020) (finding waiver of the sole issue raised on appeal because plaintiff did not file a petition to open the judgment of *non pros* before filing the notice of appeal). We recognize that Appellant adamantly wishes to pursue the merits of his underlying malpractice action. However, that matter simply is not before this Court, as he has waived the only issues that could presently be before us by failing to file a petition to open the judgment of *non pros*.

Since Appellant has waived any issue that could be argued before this Court, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>03/05/2024</u>