J-A12045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LURUBE DEVELOPERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH PURUL AND THOMAS AND | : | No. 1560 EDA 2024 |
| CONSTANCE CLERICO | : | |

Appeal from the Order Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 200900587

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED AUGUST 11, 2025**

Lurube Developers, LLC ("Lurube") plaintiff in the action below appeals from the order granting Joseph Purul's ("Appellee") motion to dismiss for failure to prosecute. Because Lurube waived all issues on appeal, we affirm.

We briefly note the following facts and procedural history. Lurube filed the underlying action to quiet title to the property located at 1701 Montrose Street, Philadelphia in 2020. Thomas and Constance Clerico ("the Clericos") intervened in the matter in 2022. As meticulously detailed in the trial court opinion, there have been constant delays in this matter due to requests for extensions of time, discovery issues, disputed settlements, and the failure of Lurube to obtain new counsel in a timely manner after its original counsel withdrew in April 2023. *See* Trial Court Opinion, 1/9/25, at 2-13.

Approximately one year later, Appellee filed a motion to dismiss for failure to prosecute, which he served on counsel for the Clericos and on the still unrepresented Lurube. *See id*. at 9. Neither party filed a response to the motion[1] and the trial court granted the motion on May 3, 2024. The Clericos filed a motion for reconsideration, which the trial court denied. All parties[2] filed timely separate notices of appeal.[3]

On appeal, Lurube raises four issues for our review:

[1.] Did the trial court err in dismissing the case for lack of prosecution when there was documented docket activity within eight months of the dismissal motion, including a settlement conference on July 7, 2023?

[2.] Did the trial court abuse its discretion by failing to consider [Lurube's] substantial off-docket due diligence, including cooperation with state investigations that resulted in disciplinary actions against key witnesses?

[3.] Did the trial court err in finding prejudice to Appellee without substantial evidence particularly given that the property in question is an undeveloped lot requiring minimal maintenance?

[4.] Did the trial court err by failing to consider the doctrine of unclean hands in light of evidence regarding fraudulent conveyance and misconduct by Appellee's agent?

---

[1] Raymond Johnson who purported to be a "member" of Lurube filed a motion to intervene (which the trial court denied), and a motion for an extension of time to file an individual response to the motion, which the trial court also denied. *See id*. at 10.

[2] The Clericos filed a separate appeal docketed at 1329 EDA 2024. Although this Court sought to consolidate the two appeals, Appellee objected, and the matters were not consolidated.

[3] Lurube and the trial court complied with Pa.R.A.P. 1925.

Lurube's Brief at 2-3 (record citations omitted).

This Court has stated:

The entry of a judgment of *non pros* and a subsequent request for relief from such judgment are governed by different tests.

> To dismiss a case for inactivity pursuant to a defendant's motion for *non pros* there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.

In contrast, a petition to open a judgment of *non pros* is governed by a different standard. Pennsylvania Rule of Civil Procedure 3051(c) provides as follows:

> **Rule 3051(c) Relief from Judgment of *Non Pros***
>
> (c) If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that
>
> (1) the petition is timely filed,
>
> (2) there is a meritorious cause of action, and
>
> (3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:
>
>> (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,
>>
>> (ii) the plaintiff has failed to show a compelling reason for the delay, and

> (iii) the delay has caused actual prejudice to the defendant.
>
> Pa.R.C.P. No. 3051(c). Thus, in addition to challenging the court's application of the [] test, a petitioner **must also timely file his petition and assert a meritorious cause of action**.
>
> Both standards are subject to the same abuse of discretion standard of appellate review. This Court must assure that the trial court did not abuse its discretion in balancing all of the surrounding facts and circumstances present at the time of the entry.
>
> However, any appeal related to a judgment of *non pros* **lies not from the judgment itself, but from the denial of a petition to open or strike**. A party seeking to open a judgment of *non pros* must show that its petition to open satisfied the material elements of Pennsylvania Rule of Civil Procedure 3051(c). The test requires the movant to establish all three prongs. One of the required elements of a Pa.R.C.P. 3051 petition is that facts must be shown to exist which support a meritorious cause of action. Thus, the failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros*.

*Intech Metals, Inc. v. Meyer, Wagner & Jacobs*, 153 A.3d 406, 410-11 (Pa. Super. 2016) (most citations omitted, quotation marks omitted, brackets, omitted, bracket and emphases added).

Appellee argues Lurube waived all issues on appeal because they never filed a petition pursuant to Pa.R.Civ.P. 3051(c). **See** Appellee's Brief at 17-20. Upon review, we agree with Appellee that Lurube failed to preserve any issues for appellate review. Lurube did not file a response to the motion for dismissal for failure to prosecute and did not file a petition pursuant to Pa.R.Civ.P. 3051(c). Thus, Lurube waived all issues on appeal. **See Cardona v. Buchanan**, 230 A.3d 476, 479-80 (Pa. Super. 2020) (concluding appellant

- 4 -

waived all issues on appeal because she failed to file a petition pursuant to Pa.R.Civ.P. 3051(c) because the filing of a petition to open a judgment of *non pros* is mandatory); *see also **Preska v. Mainline Gastroenterology Associates**, 239 A.3d 886 (Pa. Super. 2023) (unpublished memorandum, at *2) (same).[4]

We therefore affirm the trial court's order granting Appellee's motion to dismiss for failure to prosecute.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025

---

[4] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).